## BENTLEY et al. v. GREER.

Knowledge of the fact of the execution of a deed by himself may be imputed to an infant, if at the time of its execution he has arrived at such years of discretion as that in the ordinary course of events he can be reasonably supposed to take an account of his action and of incidents occurring in his career; and although upon his becoming of age such a deed does not operate as an absolute estoppel upon him, yet he is then and from that time chargeable with knowledge of the legal effect of his deed, and must thereafter within a reasonable time disaffirm his act, or he is bound by his deed, even though there be no actual adverse possession thereunder.

Argued November 16,—Decided November 23, 1896.

Equitable petition. Before Judge Callaway. Dooly superior court. September term, 1895.

*Busbee, Crum & Busbee, Gustin, Guerry & Hall* and *J. W. Haygood,* for plaintiffs.
*Littlejohn & Thomson,* for defendant.

SIMMONS, Chief Justice.

This was an action by certain brothers and sisters of M. A. Bentley, and the children of a deceased sister, for the recovery of a tract of land to which they claimed title as his heirs at law. They alleged that the defendant was in possession, claiming title under a conveyance of the land purporting to have been signed by the deceased daughter above referred to, and by each of the brothers and sisters suing, except William H. Bentley, whose name purported to have been signed thereto by another person as his attorney in fact; and they had never signed it, nor authorized any one to sign in their behalf. The deed was dated August 26, 1856, and the suit was brought in 1895. There was a verdict for William H. Bentley for an undivided seventh interest in the premises, and damages, and in favor of the defendant as to the other plaintiffs; and the latter moved for a new trial, which was refused, and they excepted. The motion was upon the grounds that the verdict was contrary to law and the evidence; and upon the further ground that the court erred in refusing to charge the jury, that if certain of the plaintiffs were minors at the time of the execution of the deed, it did not convey their interests in the land described in it, unless they subsequently ratified their former action in signing the deed; that mere acquiescence after becoming of age would not be construed as a ratification of the act, unless the defendant or others under whom he claimed were in actual possession of the land claiming title under the deed; and that if no one was in actual possession claiming under the deed, they would not be called upon to disaffirm it.

There was sufficient evidence to warrant a finding that the deed was executed upon the date stated therein, and by

all of the persons whose names were signed to it, except the one in whose favor the jury found; and there was evidence that the plaintiffs mentioned in the request to charge, who were minors at the time of signing, were at that time about sixteen and eighteen years of age respectively. The deed of an infant is not void, but merely voidable; and unless disaffirmed within a reasonable time after majority, he will be bound by it. *Nathans* v. *Arkwright*, 66 *Ga.* 179, and cases cited; Civil Code, §3604. Nor is he relieved from the duty of disaffirming it by the fact that no one is in possession of the land claiming under the deed. This duty is not dependent on the other party's doing anything under the deed. The maker has no right to assume that because the grantee or some other person holding under him does not go upon the land, no claim is made under the deed. In the case of *Harris* v. *Cannon*, 6 *Ga.* 382, adverse possession was dealt with only as bearing upon the *mode* of disaffirmance. The question was whether a deed made in infancy would be avoided by the making of a deed to a third person after the maker had attained majority; and the court ruled that this would be a sufficient disaffirmance if the land conveyed were still in the maker's possession, or vacant and uncultivated, though more might be required if the land were held adversely. It was there said that "in contracts voidable only by an infant on coming of age, he is bound to give notice of disaffirmance within a reasonable time, especially where the first grantee is in possession." There is no intimation that the rule is otherwise if the first grantee is not in possession, and we have not been referred to any authority which declares that it is. The only reason there could be for requiring possession on the part of the grantee or those claiming under him would be as a means of notice to the maker of the deed; but possession is not the only mode of conveying notice. Besides, if a man knows that during his minority he conveyed land to another, there is no reason why there should be any notice at all to him, in order to

render him chargeable with laches in failing to disaffirm the deed after becoming sui juris. It will not do to say that simply because a person was a minor when he made a deed he was so far ignorant of what he did that knowledge of it must come to him after his majority before the rule which requires disaffirmance will apply. Of course, if the deed was signed when the person signing it was of a very tender age, there could be no presumption that upon his arrival at majority he would know anything about it. It would be manifestly unreasonable to hold a person presumptively chargeable with knowledge of papers which were signed by him in early childhood. In such a case subsequent knowledge at an age when he was old enough to understand what he had done, ought to be shown before the rule requiring disaffirmance should be held applicable. But where the person making the deed was a man or woman except in not having passed the legal limit of twenty-one years, there is no reason why he or she should not be held chargeable with knowledge of it upon arrival at majority. As to the time in which such knowledge may be imputed to a minor, we think the correct rule is stated in the head-note to this opinion. Certainly such knowledge may reasonably be imputed to a person sixteen or eighteen years of age, who is not shown to be below the average of intelligence of persons of the same age. From what we have said it follows that the court did not err in refusing to charge as requested. So far as appears, this suit, brought nearly forty years after the deed was executed, was the first step on the part of these plaintiffs to disaffirm what they had done. As to what is a reasonable time for disaffirmance, see *Nathans* v. *Arkwright,* supra; *Candler* v. *Clarke,* 90 *Ga.* 557.

*Judgment affirmed.*