### 4480. BELL v. SWAINSBORO FERTILIZER COMPANY.

POTTLE, J. A contract made by an infant is not void, but merely voidable, upon his election, either during minority or within a reasonable time after majority, to disaffirm. *Strain* v. *Wright*, 7 *Ga.* 568; *Gonackey* v. *General Accident Assurance Corporation*, 6 *Ga. App.* 381 (65 S. E. 53); *Bentley* v. *Greer*, 100 *Ga.* 35 (27 S. E. 974); *Vinson* v. *State*, 124 *Ga.* 19 (52 S. E. 79). Retention after majority of the fruits of a contract made during infancy may amount to ratification. Civil Code (1910), § 4233; *Williams* v. *Torley*, 136 *Ga.* 594 (71 S. E. 881, 36 L. R. A. (N. S.) 57). But even where the consideration received by the infant has been consumed or destroyed by him during infancy, if, after arriving at majority, he expressly ratifies the contract and promises performance, he is bound, although he received no new consideration. See *Bryan* v. *Walton*, 14 *Ga.* 187 (21); *Martin* v. *Byrom, Dudley*, 203. Applying the foregoing principles to the facts of the present case, the verdict against the infant was warranted; and as no errors of law are complained of, the judgment overruling the motion for a new trial must be affirmed.                    *Judgment affirmed.*

DECIDED DECEMBER 21, 1912.

Complaint; from city court of Swainsboro—Judge H. R. Daniel. October 5, 1912.

*Williams & Bradley,* for plaintiff in error.

*Smith & Kirkland,* contra.