### SPOONER *v.* BANK OF DONALSONVILLE.

BECK, J. In this suit, brought to recover of the defendant bank a stated sum, it is alleged, in substance, 'that the plaintiff was a depositor in the defendant bank, and carried a deposit account in cash therein to his credit, subject to his check. On a certain day he deposited to his credit in the bank a check drawn on a bank at another place by a named person, payable to the order of the plaintiff and by him indorsed in blank, which check so deposited the defendant received and placed as a credit on plaintiff's deposit account in the bank and gave him a deposit slip stating that his deposit account had been credited with the amount of the check on that date; and afterwards the plaintiff drew checks in the usual course of his business against said deposit, which were paid by the defendant. Subsequently he placed other moneys and checks to the credit of his account, as had been his custom before and after said date. It is alleged further, that the plaintiff, under his dealings as a depositor with the defendant, had the right to draw immediately against his account credited with the deposit of the check stated, but that about a month subsequently to the deposit of the check the defendant charged his deposit account with the amount of the check, taking this sum from him without his knowledge or consent, and, after charging his account

with this sum, refused, after demand, to return it to him or to his account, and notified him that the check had been lost in the mail and for this reason it could not be returned to him.

*Held,* that the court below erred in sustaining a general demurrer to the petition and in dismissing the case. Under the allegations of the petition, the transaction between the depositor and the bank constituted a sale of the paper to the bank and vested the title to the same in the bank, and the cash became the property of the depositor, and the bank did not have the right to charge back the amount of the check against the account of the depositor.

(*a*) Any right which the bank may have against the plaintiff by reason of his indorsement is not now involved.

*Judgment reversed. All the Justices concur.*

ON MOTION TO REHEAR.

It is unnecessary to discuss questions which may arise under the evidence on the final trial. All that is now held is that the allegations of the petition are sufficient to withstand a general demurrer.

*Motion denied.*

JULY 24, 1914. REHEARING DENIED AUGUST 18, 1914.

Complaint. Before Judge Frank Park. Decatur superior court. February 14, 1914.

*R. G. Hartsfield,* for plaintiff.

*Erle M. Donalson,* for defendant.