9046. CLYDE *v.* STEGER & SONS PIANO MANUFACTURING CO.

JENKINS, J. The contract of an infant, except for necessaries, being voidable, may be repudiated by him either during minority or within a

reasonable time thereafter. *Bell* v. *Swainsboro Fertilizer Co.*, 12 *Ga. App.* 81 (76 S. E. 756). "If, however, the infant receives property or other valuable consideration, and after arrival at age retains possession of such property, or enjoys the proceeds of such valuable consideration, such a ratification of the contract shall bind him." Civil Code (1910), § 4233. By the terms of this section, no attempted repudiation of liability under such a voidable contract can be effective unless accompanied by a surrender of such property acquired thereunder as may still remain in his hands. He can not hold it and make use of its possession as a basis of further negotiation. In order that a tender of the property so received and held shall operate as the equivalent of its actual return, and so prevent a ratification of the voidable contract, the tender must be unconditional. Civil Code (1910), § 4322. A tender fails to be adequate even though the only condition accompanying it is such as to impose the performance of a duty actually owing by the one to whom the purported tender is made. *Elder* v. *Johnson*, 115 *Ga.* 691 (42 S. E. 51). Thus, where a minor purchases certain personal property, and in part payment therefor turns over certain other property and for the remainder of the purchase-price executes his note, he can not, in a suit brought on the note after he has attained his majority, dispute its validity on the ground of his minority at the time the note was executed, where it appears that he still retains possession of the property acquired under the purchase, although it be further shown that he offered and still offers to return the purchased property on the condition that the other property given by him to the seller in part payment therefor should first be surrendered back. The mere proposal to rescind the contract, wherein only a conditional tender of the purchased property is made, is not tantamount to actual repudiation.

　　　　　*Judgment affirmed. Wade, C. J., and Luke, J., concur.*
　　　　　DECIDED APRIL 11, 1918.

Complaint; from Fulton superior court—Judge Pendleton. May 21, 1917.

*Moore & Pomeroy, Charles E. Cotterill*, for plaintiff in error.

*Bell, Ellis & Bell, Joseph W. & John D. Humphries*, contra.