### 15865.   LEVY *v.* McPHAIL.

JENKINS, P. J. 1. While the contract of an infant is declared by the code to be "void except for necessaries," it is well settled that such a contract is not void, but voidable, at the election of the infant after arriving at full age. The exemption of the infant is a personal privilege, and his contract is subject to ratification by his retention or enjoyment, after attaining majority, of the consideration received. Civil

Code (1910), §§ 4233, 4234; *Hood* v. *Duren*, 33 *Ga. App.* 203 (125 S. E. 787 (1)). But the infant need not wait until majority, for, whatever may be the true rule with respect to realty, "all contracts of an infant in relation to personal property (not excepted by statute), whether executory or executed, may be disaffirmed by the infant during his minority, and, for the purpose of enforcing such disaffirmance, the infant can bring suit in law, or equity, by guardian or next friend." *Gonackey* v. *General Accident Assurance Corporation*, 6 *Ga. App.* 381 (1), 383 (125 S. E. 787); *Harris* v. *Cannon*, 6 *Ga.* 382 (1), 387 (2). In the instant case no question appears to have been raised in the courts below as to the right of the alleged infant to maintain in his own name the cross-action or plea of recoupment, and in any event the prosecution of a suit by an infant without a guardian or next friend is "not void," but a "defect" which is amendable before verdict and is cured by verdict. Civil Code (1910), § 5524.

2. In this action upon a promissory note given for the purchase of a phonograph, and cross-action or plea of recoupment by the defendant while an infant to recover monies paid thereon, assuming but not deciding that the statutory rule as to disaffirmances of contracts after majority, requiring restitution or a tender of the property shown to be still in possession of the infant, applies as well to disaffirmances made during minority (see Civil Code, § 4233; *Shufford* v. *Alexander*, 74 *Ga.* 293 (2), 295; *So. Cotton Oil Co.* v. *Dukes*, 121 *Ga.* 787-8, 793 (49 S. E. 788); *Strain* v. *Wright*, 7 *Ga.* 568, 572; *Harris* v. *Cannon*, 6 *Ga.* 382, 384, 387; *Harris* v. *Collins*, 75 *Ga.* 97 [2], 106; *Thomason* v. *Phillips*, 73 *Ga.* 140 (a); *Richards* v. *East Tenn. &c. Ry. Co.*, 106 *Ga.* 614, 652 (33 S. E. 193, 45 L. R. A. 712); *White* v. *Sikes*, 129 *Ga.* 508 (2 *b*), 511 (59 S. E. 228, 121 Am. St. Rep. 228); *Wickham* v. *Torley*, 136 *Ga.* 594 (3), 599 (71 S. E. 881, 36 L. R. A. (N. S.) 57); *Gonackey* v. *General Accident Assurance Corp.*, supra; *Hughes* v. *Murphy*, 5 *Ga. App.* 328, 331 (63 S. E. 231); *Bell* v. *Swainsboro Fertilizer Co.*, 12 *Ga. App.* 81 (76 S. E. 756); *Clyde* v. *Steger Mfg. Co.*, 22 *Ga. App.* 192 (95 S. E. 434); 14 R. C. L. 238, 239; 33 Am. Dec. 184, notes), since it appears in the instant case that the defendant not only in his plea "repudiates said transaction, and tenders back said phonograph," but in open court stated under oath, "the phonograph is at my room, [the plaintiff] can get it when he wants it," such a tender was sufficient, and it was unnecessary to show that it was continuing or that the object was produced in court or ready to be so produced, as in cases of tender of payment of a debt. 31 Corpus Juris, 1074; 38 Cyc. 134-136. See, as to tenders of payment, *Ragan* v. *Newton*, 27 *Ga. App.* 534 (2) (109 S. E. 412); *Jones* v. *Peacock*, 29 *Ga. App.* 240 (114 S. E. 646).

3. "When the final determination of a case tried in a justice's court, and carried by certiorari to the superior court, does not depend upon any controlling question of law, and there are issues of fact involved, the superior court has no authority to render a final judgment therein, although it may clearly appear that the verdict rendered in the lower court was without evidence to support it. . . This is true though a former certiorari in the same case, complaining of a similar verdict,

50

may have been sustained. When it is proper so to do, the superior court may remand the case to the justice's court with instruction" as to the direction to be given on a retrial if the evidence shall be the same or the particular deficiencies therein shall not be supplied. *Patterson* v. *Central &c. Ry. Co.*, 117 *Ga.* 827 (45 S. E. 250); Civil Code (1910), § 5201; *Joseph* v. *Continental Jersey Works*, 92 *Ga.* 542 (17 S. E. 923); *Baker* v. *Kendrick*, 9 *Ga. App.* 382 (17 S. E. 923); *Fain* v. *Pilcher*, 31 *Ga. App.* 115 (120 S. E. 27). The same rules apply to certiorari from municipal courts. It was for this reason error for the superior court to enter a final judgment against the plaintiff; and upon this ground alone the judgment must be reversed.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 18, 1925.

Certiorari; from Bibb superior court—Judge Mathews.    July 25, 1924.

*R. G. Plunkett,* for plaintiff in error.

*H. F. Strohecker,* contra.