### 24872. ROWLAND *v.* FARMERS BANK OF CANON.

SUTTON, J. Where a bank brought suit to recover certain moneys paid by it on three drafts drawn upon the defendant by a person alleged to have been his agent, in which suit it was contended that the alleged agent purchased agricultural products for the defendant, and in order to pay therefor drew drafts ·upon the defendant, on which drafts the plaintiff advanced to the defendant's agent the cash; that this course of dealing was carried on by the defendant, the plaintiff, and such agent for some time until October 6, 8, and 9, 1934, on each of which dates such alleged agent drew drafts for the purchase-price of agricultural products for the defendant, and presented them to the plaintiff bank, where they were paid by it and forwarded to the defendant for collection; that the defendant refused to pay these three drafts, although he received the benefit of the proceeds thereof, that is, the agricultural products bought for him by such alleged agent with the cash procured from the plaintiff on such drafts; that the defendant held such person out as his alleged agent to buy farm products for him in this manner; and that the defendant is bound by such acts of his agent and is estopped to deny that such person was acting as his agent, and from setting up that he is not liable for the amount of plaintiff's money advanced on such unpaid drafts for the purchase of the farm products for the defendant which he received and retained,—the judge properly overruled the defendant's general demurrer. See Civil Code of 1910, §§ 3569, 3591, 3593, 3594; Code of 1933, §§ 4-101, 4-302, 4-303, 4-304; *Morgan* v. *Georgia Paving & Construction Co.*, 40 *Ga. App.* 335 (4) (149 S. E. 426) ; *Ocilla Southern R. Co.* v. *Morton*, 13 *Ga. App.* 504 (79 S. E. 480) ; *Merchants Bank* v. *Central Bank*, 1 *Ga.* 418, 429 (44 Am. D. 665). In such a case, where the principal has obtained the benefits of the transaction in which the draft was given by the agent, the injured party may bring an action on the original transaction against the principal. *Coaling Coal &c. Co.* v. *Howard*, 130 *Ga.* 807 (61 S. E. 987, 21 L. R. A. (N. S.) 1051). The present action was not a suit on the drafts, but an action against the principal for the amount of money advanced on the drafts to the agent for the principal, of which the principal received and retained the benefit. This case is obviously not like *Southern Fruit Distributors Inc.* v. *Citizens Bank of*

*Fort Valley,* 44 *Ga. App.* 832 (163 S. E. 261), and *Spooner* v. *Bank of Donalsonville,* 142 *Ga.* 236 (82 S. E. 625).

Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.

DECIDED OCTOBER 26, 1935.

*Green & Michael, Thomas F. Green Jr.,* for plaintiff in error.
*Erwin, Erwin & Nix, Thomas Gray Jr.,* contra.