### 27453. HOLLAND *v.* PEERLESS FURNITURE COMPANY.

DECIDED MAY 26, 1939.

*Cecil D. Franklin,* for plaintiff in error.

*J. A. Wright, Henry A. Stewart,* contra.

GUERRY, J. On November 4, 1936, the Peerless Furniture Company sold to Othel Holland a certain described set of furniture for $89.50, and took a retention-of-title contract from Holland for the same. Holland paid $29.50 on the purchase-price, and then stopped payments. On December 31, 1937, Peerless Furniture Company foreclosed its conditional-sale contract under the Code, § 67-1601. After levy, Holland filed his affidavit of illegality, and alleged that at the time he made the purchase and at the time of the foreclosure he was a minor and had never been emancipated; that the contract was subject to avoidance at his discretion; and that he "now repudiates said contract and offers to return said furniture as identified in said contract to said owners thereof when they have placed him in status quo, that is when Peerless Furniture Company has refunded to affiant the sum of $29.50 which he has paid them under contract, and that he has repudiated and now repudiates said contract on the ground of infancy at the time of the contract." Bond was given, his father signing the bond; and Holland now retains the property. The case proceeded to trial on the issue as to minority, and, if a minor, whether or not he had been emancipated by his father. Evidence for the plaintiff was to the effect that at the time of the making of the contract Holland told the plaintiff that he was capable of making the contract and had a right to contract. The jury settled these issues in favor of the Peerless Furniture Company. In his motion for new trial the defendant excepted to certain charges by the court to the jury.

"All contracts made by an infant relating to personalty can be avoided during minority as well as after the infant has attained majority; and this right applies to executed as well as to executory contracts." *Gonackey* v. *General Accident &c. Assurance Corporation,* 6 *Ga. App.* 381, 383 (65 S. E. 53). The contracts of infants are not void, but are voidable at their election on coming of age, and during minority as to contracts relating to personalty. A person, however, who is non sui juris can not retain the fruit of his contract and plead the exemption. Code, §§ 20-201, 20-202; *Strain* v. *Wright,* 7 *Ga.* 568; *Harris* v. *Collins,* 75 *Ga.* 97 (2);

*Levy* v. *McPhail,* 33 *Ga. App.* 784 (127 S. E. 793). In *Hood* v. *Duren,* 33 *Ga. App.* 203 (125 S. E. 787), it was said: "A defendant is estopped from exercising his privilege of avoiding a fair and reasonable contract on the ground of his minority at the time the agreement was made, where it appears that he has received, enjoyed, and consumed its irrestorable benefits; and where it appears that the plaintiff, dealing in good faith, was induced to act to his injury by reason of the false and fraudulent representation of the defendant with respect to his apparent majority." Under the plea in this case there was no sufficient tender of repudiation of the contract. The defendant offered to rescind on condition that the plaintiff return to him the money paid under the contract. In *Clyde* v. *Steger Piano Mfg. Co.,* 22 *Ga. App.* 192 (95 S. E. 734), it was said: "By the terms of this section [Code, § 20-201], no attempted repudiation of liability under such a voidable contract can be effective unless accompanied by a surrender of such property acquired thereunder as may still remain in his hands. He can not hold it and make use of its possession as a basis of further negotiation. In order that a tender of the property so received and held shall operate as the equivalent of its actual return, and so prevent a ratification of the voidable contract, the tender must be unconditional. . . A tender fails to be absolute even though the only condition accompanying it is such as to impose the performance of a duty actually owing by the one to whom the purported tender is made." In that case the minor had bought personal property and turned over to the seller in part payment therefor certain other personal property, and had executed his purchase-money note for the remainder. In a suit on such note by the seller, where it appeared that the purchaser, though a minor at the time of the making of the contract, still retained possession of the property bought, it was held that his plea and offer to return the property, conditioned on the consideration already paid being returned to him, were not a repudiation of the contract, and he was still bound thereon.

Irrespective of whether or not, under the facts of this case, the defendant might be entitled, in an action brought for such purpose, to recover from the plaintiff the money paid, he can not hold the property bought and make the return to him of the money paid a condition precedent for its return. Particularly is this true

where there is a foreclosure, which is in effect a proceeding in rem. We may ask again, as did the King in Hamlet, "May one be pardoned and retain the offense?" The plaintiff was entitled to recover for the reason stated, and any alleged error in the charge would be immaterial as a verdict for the plaintiff was demanded. Moreover, the jury was amply authorized to find that the plaintiff sold the goods in good faith, believing the defendant was capable of making the contract, in view of the defendant's averments to the seller at the time of making the contract. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*