### 34065. SOUTHERN MOTORS OF SAVANNAH INC. v. KRIEGER.

DECIDED JULY 11, 1952—REHEARING DENIED JULY 21, 1952.

576

*Harry Silverman, Emanuel Kronstadt,* for plaintiff in error.
*Lewis, Wylly & Javetz,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Where an agent without authority enters into a contract on behalf of a principal, the principal, upon discovery of the circumstances, has a choice either to ratify or disaffirm the contract made in his behalf, but he must act promptly and within a reasonable time, and, if he wishes to rescind, must tender back the benefits received under such contract. Once the choice has been made to ratify, the contract may no longer be disaffirmed. Code, §§ 4-302, 4-303; *Bacon* v. *Danenberg Co.,* 24 *Ga. App.* 540, 541 (5) (101 S. E. 699); *Lancaster* v. *Neal,* 41 *Ga. App.* 721 (5) (154 S. E. 386); *Jacksonville Paper Co.* v. *Owen,* 60 *Ga. App.* 742 (5 S. E. 2d, 103).

Retaining possession of and using for any considerable period of time the property so received constitutes a ratification of the unauthorized contract. Code § 4-302 provides as follows: "The principal shall be bound by all the acts of his agent within the scope of his authority; if the agent shall exceed his authority, the principal may not ratify in part and repudiate in part; he shall adopt either the whole or none." In Mechem, Outlines of Agency (2d ed.), page 53, § 90, the following is stated: "When a person learns that another has assumed, without authority, to

do some act for him as his agent, he has the option to repudiate or ratify the act, but he must do one thing or the other. He has a reasonable time within which to decide, but if, with knowledge of the facts, he fails to repudiate the act within a reasonable time, he will be deemed to have affirmed it." See also *Haney School Furniture Co.* v. *Hightower Baptist Institute,* 113 *Ga.* 289 (2) (38 S. E. 761); *Cooper Auto Supply Co.* v. *Oxweld Acetylene Co.,* 29 *Ga. App.* 413 (2) (116 S. E. 30). In the present case the plaintiff, when he returned home on August 31, 1951, learned immediately that his wife had sold his Chevrolet automobile and taken in exchange a new Nash, which act the jury was authorized to find was completely unauthorized by him. Had the plaintiff repudiated the transaction at that time and demanded the return of his Chevrolet, there is no doubt but that he would have been legally within his rights in so doing. However, the plaintiff instead took personal possession of the Nash automobile; he drove it to the defendant's place of business the next morning and asked that certain repairs be made on it; he then took the car and drove to Baltimore, Maryland, and stayed there approximately two weeks; he returned to Savannah on September 18, 1951, and between that time and October 9, when the defendant was first notified that the plaintiff wished to repudiate the transaction on the ground that his wife was unauthorized to enter into the contract for him, he continued to have exclusive possession of the property and drove it an additional thousand or more miles. Although the plaintiff may not have known the details of the exchange until after September 18, he did know, on August 31, that his car had been traded for the Nash, and in accepting the fruits of the contract and using the new automobile for his exclusive benefit for a period of almost six weeks of intensive driving, during which time he failed to notify the defendant of any intention to disaffirm the contract on his part, such acts, in our opinion, constituted a ratification of the unauthorized act of the agent so as to render the plaintiff liable for the payment of the purchase money. *Cooper Auto Supply Co.* v. *Oxweld Acetylene Co.,* supra. It follows, therefore, that the trial court erred in failing to give the requested charges set forth in special grounds 4 and 5 of the amended motion for new trial, to the

effect that such acts on the part of the plaintiff would as a matter of law constitute a ratification of the contract.

■ Since the plaintiff by his conduct ratified the contract as set forth in division one hereof, he could not thereafter disaffirm it by tendering back the benefits which he received under the contract. Code, § 4-303. The tender was in any event ineffective, however, in that it was conditioned upon the delivery to the plaintiff of the Chevrolet automobile (which the defendant did not have in its possession). A tender must be absolute and, if not so, it fails, even though the only condition accompanying it is such as to impose the performance of a duty actually owing by one to whom the purported tender is made. Code, § 20-1105; *Heath* v. *Miller*, 205 *Ga.* 690 (1) (54 S. E. 2d, 432); *Henderson* v. *Willis,* 160 *Ga.* 638 (3), 643 (128 S. E. 807); *Holland* v. *Peerless Furniture Co.,* 60 *Ga. App.* 149 (3 S. E. 2d, 138).

There is nothing to the contrary in *Barnett* v. *Speir,* 93 *Ga.* 762 (21 S. E. 168). In that case the plaintiff tendered back his horse and also made demand upon the defendant for the horse in the latter's possession, and it was held that, where both the tender and demand were refused, the plaintiff was not precluded from bringing a trover action because he thereafter kept in his possession the horse which had been traded to him. It does not appear that the tender was made conditional upon fulfilment of the demand.

The charge complained of in special grounds 7, 8, and 9, to the effect that a conditional tender is not a repudiation of the contract, was without error.

The trial court erred, for the reasons hereinbefore set forth, in overruling the motion for a new trial.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*