68853. McDANIEL v. THE STATE.
(323 SE2d 866)

McMURRAY, Chief Judge.

Defendant pleaded guilty to the offense of trafficking in cocaine. At the plea hearing the defendant stated that no one had made any promises to him to influence him to plead guilty. This statement was contradicted when immediately thereafter the district attorney announced that the case involved a negotiated plea. Responding to the superior court's inquiry the district attorney stated that "the recommendation of the State would be, on a plea of guilty at this time on these charges, that the Court sentence the defendant to 15 years to serve and a fine to be set by the Court." Defendant then acknowledged that the district attorney had correctly stated the agreed recommendation.

Subsequently, the district attorney filed a motion to impose reduced sentence under the provisions of OCGA § 16-13-31 (e) (2), reciting that defendant had provided substantial assistance to the State by identifying and assisting in the conviction of his accomplices and co-conspirators and requested that the court impose a reduced sentence as determined by the court on defendant. Thereafter, the defendant was sentenced to 30 years, six to serve and a fine of $25,000.

Defendant then filed his motion to hold the district attorney in contempt and a motion to set aside the sentence. Both of these motions were predicated on allegations that the district attorney had failed to abide by a second portion of the plea bargaining agreement. Defendant alleged that the district attorney had agreed that following

defendant's cooperation with law enforcement officials he would file a motion to reduce the sentence to one year from the date of arrest and to set aside the fine. The district attorney acknowledged that there was a second part of the plea bargaining agreement, but states that his motion to impose a reduced sentence reflected the terms of the second part of the agreement.

The superior court in ruling on defendant's motions noted that by stipulation of the parties the evidentiary hearing on both motions was conducted simultaneously and the superior court considered the entire record in its resolution of the motions. The court determined that it was not necessary to resolve the conflict as to the terms of the second part of the plea bargaining arrangement but determined that defendant "has not carried the burden of showing to this Court's satisfaction that he and his Counsel are not just as culpable as the District Attorney in withholding from the Court the truth of the matter and that he and his counsel did not participate in this questionable conduct just as fully as the District Attorney, and we rather feel there is an 'offset' of deviousness." On this basis the court denied defendant's motion to set aside the sentence and the motion to hold the district attorney in contempt. *Held*:

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U. S. 257, 262 (92 SC 495, 30 LE2d 427). "[A]t the time a plea is offered, the trial court shall, on the record, require the disclosure of any plea agreement, which has been reached by the State and the defendant." *State v. Germany*, 246 Ga. 455, 456 (271 SE2d 851).

In the case sub judice, the court attempted to elicit the terms of the plea agreement but both defendant and the State failed to fully disclose the plea agreement. We note that during the plea hearing defendant was personally informed by the superior court, that the court was not bound by any recommendation arising from any discussions by defendant or his attorney with the district attorney and that "it's left solely up to this Court to determine the sentence if you plead guilty."

Despite the defendant's participation in the concealment of a portion of the plea agreement we do not believe that under the circumstances of the case sub judice, defendant's conduct should bar him from relying upon his alleged agreement with the district attorney. See in this regard Blackledge v. Allison, 431 U. S. 63 (97 SC 1621, 52 LE2d 136).

As there was no motion to withdraw the plea of guilty submitted in the superior court, we affirm as to defendant's conviction. However, the sentence must be vacated and the case remanded to the superior

court to determine the terms of the plea agreement and whether the promises of the prosecution were fulfilled. If the court determines that the district attorney has fulfilled any promises which were part of the inducement of consideration for defendant's plea of guilty, the sentence should be reinstated. Should the court determine that the district attorney has failed to fulfill promises which are part of the inducement for defendant's plea, the court should determine what relief to which defendant may be entitled in the resentencing of defendant.

*Judgment affirmed as to the conviction. Sentence vacated and case remanded with direction. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 9, 1984.

*W. Terry Bullard,* for appellant.
*J. Brown Moseley, District Attorney,* for appellee.