70102. HUTCHENS v. THE STATE.
(330 SE2d 436)

DEEN, Presiding Judge.

Appellant Hutchens ordered certain items printed, and on two separate occasions one week apart sent an employee to pick up the orders. In each instance he gave the employee a signed and dated check made payable to the publisher, but with the amount payable left blank. Apparently following his employer's orders, the employee on both occasions inquired of the printer as to the amount of the bill, whereupon the printer, who had known appellant Hutchens for some time, telephoned Hutchens in the employee's presence and informed him of the amount, and then in response to Hutchens' oral assent and authorization, filled in the appropriate amounts on the checks and gave the employee the materials ordered, after which the checks were deposited. The bank dishonored both checks for insufficient funds, and subsequently the publisher made the statutory formal demand

for payment. OCGA § 16-9-20 (a) (2) (B). When none was forthcoming, appellant was charged with violation of OCGA § 16-9-20, criminal issuance of a bad check. In a bench trial the court found appellant guilty. On appeal Hutchens enumerates as error the trial court's failure to direct a verdict of acquittal, on the ground that the checks tendered in payment by the employee were not "checks" in the sense of OCGA §§ 11-3-104 (1) (b) and 16-9-20 (a) because when tendered to the printer they contained no sum certain, as contemplated by the statute. *Held*:

1. Under universally recognized principles of agency, the acts of an agent acting within the scope of his authority are those of his principal and are binding upon the latter. OCGA § 10-6-51; *Home Materials v. Auto Owners Ins. Co.*, 250 Ga. 599 (300 SE2d 139) (1983); *Ford Motor Co. v. Abercrombie*, 207 Ga. 464 (62 SE2d 209) (1950). Agency can be either express or implied and can arise from, or be inferred from, any of a number of circumstances. OCGA § 10-6-1; see also *Home Materials v. Auto Owners Ins. Co.*, supra; *Greenbaum v. Brooks*, 110 Ga. App. 661 (139 SE2d 432) (1964).

The evidence in the instant case indicates that the employee was acting as Hutchens' agent when he tendered the check in payment of his employer's obligation, and, moreover, that the printer was likewise acting as Hutchens' agent when, upon Hutchens' oral authorization by telephone, and in good faith reliance on his authorization, he filled in the amounts due on the appropriate lines of the checks.

If, as in the instant case, the principal receives the benefits of a transaction made by the agent allegedly without the principal's authorization, the principal is still bound. *Rowland v. Farmers Bank*, 52 Ga. App. 50 (182 SE 81) (1935). If the principal does not wish to ratify the transaction, he must act promptly and affirmatively to disavow it. *Southern Motors of Savannah v. Krieger*, 86 Ga. App. 574 (71 SE2d 884) (1952); disapproved on other grounds, *Brown v. Techdata Corp.*, 238 Ga. 622 (234 SE2d 787) (1977). Had Hutchens wished to disavow his agent's acts, he could have done so by notifying the publisher not to accept or deposit the checks, or, alternatively, by notifying the bank to stop payment. He did not do so on either occasion; in fact, after impliedly ratifying the first transaction by his silence and failure to take affirmative action in one of the ways indicated in the preceding sentence, he further expressly ratified it one week later by dispatching the same employee with another worthless check to conduct an identical transaction with respect to a second order.

2. Appellant's contention that the checks were "not checks" because, until at Hutchens' request the printer filled in the amounts due, they did not contain the "sum certain" specified in subsection (1) (b) of OCGA § 11-3-104, is a specious argument. The contradictory nature of this assertion is self-evident, and we find appellant's

enumeration totally devoid of merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 8, 1985.

*William H. Lumpkin*, for appellant.

*Kenneth E. Goolsby, District Attorney, Harold W. Wallace III, Dennis C. Sanders, Assistant District Attorneys*, for appellee.