A06A2343. SUMNER v. THE STATE.
(643 SE2d 831)

ADAMS, Judge.

William Sumner, a disbarred attorney, entered a negotiated plea to numerous counts of theft by taking approximately $900,000 in misappropriated client funds. He was sentenced to thirty years, six to serve, the balance to be probated. Pursuant to the plea agreement he negotiated with the State, Sumner would not begin serving his sentence until January 15, 2003, approximately three months after he entered his plea. It was also agreed that Sumner would pay

approximately $900,000 in restitution to the victims. As the sentencing hearing transcript reflects, Sumner was to pay $50,000 in restitution prior to the time he began to serve his sentence and then pay the remainder of the restitution within 36 months of his release from prison. Sumner was questioned at the hearing concerning whether he could meet these obligations and he indicated that he could.

After the parties set forth the terms of the agreement, several victims made statements to the court expressing their disbelief in Sumner's intent to pay the restitution amounts. Following these statements, the trial court, sua sponte, ordered that Sumner pay $25,000 a year during his incarceration in addition to the scheduled payments agreed upon as part of the plea bargain.

On November 12, 2002, the trial court held another hearing to resolve matters pertaining to Sumner's providing documentation of his financial holdings to the State. At this hearing, Sumner waived in writing his right to have the trial court make restitution findings. The waiver also contained the following language:

> Specifically, I believe that I have, or will have, the ability to pay restitution in the manner agreed upon and established at the sentencing hearing. In cooperation with the ordering authority I have developed and consented to a plan of restitution (called Restitution Order to the Sentence Sheet), which has been made a part of the restitution order. I have discussed this issue fully and to my satisfaction with my attorney and make this decision freely, voluntarily, knowingly and intelligently.

On January 15, 2003, Sumner reported to the trial court to begin serving his sentence. Although not in the nature of a formal hearing due to the fact that Sumner's counsel could not be present, at this time the State raised several issues relating to Sumner's compliance with the sentencing order, including that he had paid only part of the $50,000 in restitution that he had been ordered to pay prior to his incarceration.[1] Sumner provided documentation to show that he had made an additional $25,000 payment that morning and had paid a total of $26,000 of the agreed $50,000 at that time. He also informed the court that he had "paid every dime that I can raise," that he did not know what sums he could raise while he was incarcerated, and that he was thus unsure of when he would be able to pay the

---

[1] The State also raised the issue of Sumner's failure to timely cooperate with the outside accountants concerning a review of his assets. The trial court noted that this requirement was not part of the plea agreement, and rescinded its order requiring Sumner to provide this documentation.

remaining amount. The trial court stated at that time that this issue would be revisited in six months, with Sumner's counsel present, to determine "what adjustment should be made to the sentencing order by virtue of the anticipated failure of Mr. Sumner to have paid all the restitution that was scheduled to be paid by that point in time." However, in the written order following the hearing, the trial court ordered Sumner to "come up with the remaining $25,000 within six months, i.e., by July 15, 2003, that was due today as part of his negotiated plea. . . ."[2]

On October 7, 2003, Sumner filed a motion to modify his sentence, seeking: (1) probation of the balance of his sentence, conditioned upon the acceptance of an employment offer presently available to him; (2) modification of the restitution payment schedule contained in the present sentence and restitution order, in order to allow acceleration of restitution payments; (3) approval of community service for the fine and administrative fee portion of his sentence, in whole or in part; and (4) suspension of his entire sentence and termination of all supervision upon satisfaction of all restitution payments. The trial court denied the motion on December 2, 2003, finding that the original sentence and restitution schedule were entered "at the urging and encouragement" of Sumner.

On August 29, 2005, the State Board of Pardons and Parole issued an order, filed September 6, 2005, setting a parole date of September 12, 2005 for Sumner. However, on September 7, 2005, the Parole Board issued another order, revoking the previous order and stating that Sumner was not to be released on parole at that time.

On December 14, 2005, Sumner filed a motion to vacate his original sentence as illegal and void on the basis that it required him to pay restitution while he was incarcerated. Sumner also requested that the trial court order the complete disclosure of all oral and written statements made by the district attorney to the Parole Board concerning his parole, as well as a declaration that the district attorney had breached the terms of the plea agreement. In support of his motion, Sumner relied on the affidavit of his former counsel, averring that during the course of plea negotiations, the district attorney had stated that the district attorney's office would not oppose Sumner being released early by the Parole Board, and that Sumner and his counsel should "come back to him" if the Parole Board gave a release date of more than 24 months to serve. Sumner also

---

[2] Insofar as we can tell, no hearing was held on the six-month anniversary date and the remaining balance of the initial $50,000 restitution was paid at some point after Sumner began serving his sentence.

requested the court hold an evidentiary hearing on this issue. Following a nonevidentiary hearing, the trial court denied the motion and this appeal followed.

1. Citing *Queen v. State*, 210 Ga. App. 588 (436 SE2d 714) (1993) and OCGA § 17-14-15 (b) Sumner argues that his sentence is void to the extent he was ordered to pay restitution while he was incarcerated. *Queen*, 210 Ga. App. at 589 ("in any event [restitution] may not . . . be joined with a prison term"). The State argues the present case is distinguishable from *Queen*, because the sentence in *Queen* provided only for prison time while the sentence in this case included both probation and a pre-incarceration period of release, ostensibly providing for periods of relief from imprisonment during which Sumner could earn money and pay restitution. See OCGA §§ 17-14-2 (6) (defining relief) and 17-14-3 (requirement of restitution as a condition of relief). However, this argument ignores the fact that, in addition to the restitution he was ordered to pay while incarcerated, Sumner was ordered to pay specific and substantial amounts of restitution both before he began serving his sentence and while he was on probation. The State's argument is thus unavailing under these circumstances.

The State further argues that, even assuming that Sumner's sentence is illegal to the extent he was required to pay restitution while in prison, Sumner waived any objection to the sentence by consenting to the terms of the sentence at the sentencing hearing and again in writing on November 12, 2002. Citing *Kaiser v. State*, 275 Ga. App. 684, 685 (1) (621 SE2d 802) (2005) the State argues that a defendant may waive valuable statutory and constitutional rights as part of a negotiated plea, including the right to challenge *illegal* conditions of his plea. We agree that *Kaiser* is instructive here, but disagree that it lends support to the State's argument concerning waiver. In *Kaiser*, as in the present case, the defendant had agreed to certain conditions to his sentence as part of his plea negotiations with the State. Also similar to this case, after it imposed the sentence recommended by the State, the trial court sua sponte added an additional, illegal condition to the sentence that had been negotiated by the parties and recommended by the State. Id. Noting that Kaiser's counsel did not unequivocally agree to this additional condition and that Kaiser was not asked in open court whether he agreed, this Court held that Kaiser did not waive his right to challenge his sentence on that basis. Likewise, in this case, the sentencing hearing transcript shows that Sumner, his counsel and the State agreed that Sumner would pay restitution before he went into prison and would pay the remainder due to the victims within 36 months of his release. However, after hearing from the victims in this case, the trial judge went back on the record and stated

the Court has revisited the issue of what appeared to be basically no payments during the period of incarceration, and the Court feels that there is no reason why there should not be some effort during that period of time as well. And so the sentence will be revised . . . [to provide for] an additional $25,000 made each year during the period of incarceration.

It is thus clear from the transcript that the condition that Sumner pay restitution while incarcerated was not part of the plea negotiations and was not imposed at the recommendation of the State but rather was ordered sua sponte by the trial court after it had accepted the payment schedule proposed by the parties. Moreover, the hearing was adjourned almost immediately after the court imposed the additional payments and neither Sumner nor his counsel were afforded the opportunity to either agree or object to the new condition. Thus it misrepresents the record to say that Sumner agreed *as part of* his plea negotiations with the State to pay restitution while he was incarcerated. To that extent we also find this case distinguishable from those cases in which the defendant clearly agreed to certain sentencing conditions as part of his negotiated plea agreement with the State.[3]

Moreover, even assuming that Sumner indicated his agreement to this condition when he subsequently signed a waiver concerning written restitution findings, "[a] defendant's acquiescence to an illegal sentence, either through plea negotiations or a failure to object to the sentence, cannot render an otherwise illegal sentence valid through waiver." *Sanders v. State of Ga.*, 259 Ga. App. 422, 423 (1) (577 SE2d 94) (2003). That is because "[a] void sentence in law amounts to *no sentence at all*. It follows that if there is error, it is nonwaivable." (Citation and punctuation omitted; emphasis in original.) *State v. Baldwin*, 167 Ga. App. 737, 738 (2) (307 SE2d 679) (1983).

[A] sentence or portion thereof that is unauthorized by law is a nullity and void. Thus, where no law authorizes the imposition of restitution ordered in a sentence, or where a condition of probation in a sentence is unauthorized, that portion of the sentence is void. A void sentence may be so held

---

[3] See, e.g., *Phillips v. State*, 236 Ga. App. 744, 746 (1) (512 SE2d 32) (1999) (after finding that Phillips had waived his right to challenge the sentence, this Court also went on to consider whether the sentence imposed was illegal and concluded that it was not. Id. at 746-747 (2).).

in any court where it becomes material to the interest of the parties to consider it, regardless of a lack of objection in the trial court.

(Citations, punctuation and footnotes omitted.) *Pless v. State*, 279 Ga. App. 798, 805 (1) (633 SE2d 340) (2006). See also *Curtis v. State*, 275 Ga. 576, 577-578 (1) (571 SE2d 376) (2002).

In this case that portion of the restitution order and sentence that required Sumner to pay restitution while he was incarcerated was illegal and must be vacated. This case is thus remanded to the trial court for resentencing.

2. Sumner also argues that he was entitled to an evidentiary hearing to prove that the district attorney made and breached an agreement not to oppose parole. The trial court ruled that even assuming such an agreement existed, it could not be enforced because it was not supported by consideration separate and apart from Sumner's agreement to plead guilty. We agree that this ruling was error and the State does not argue to the contrary. Instead the State argues the district attorney did not agree to this condition, and that even assuming that such an agreement existed, Sumner's failure to pay restitution relieved the State from any obligation to refrain from alerting the Parole Board regarding his noncompliance. But as stated above, the condition requiring Sumner to pay restitution while he was incarcerated was illegal and void, and thus Sumner's failure to abide by that condition did not provide a basis for the district attorney to refuse to abide by the terms of the plea agreement.

" '(W)hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' [Cit.]" *McDaniel v. State*, 172 Ga. App. 562, 563 (323 SE2d 866) (1984). See also *Thompson v. Greene*, 265 Ga. 782, 784 (2) (462 SE2d 747) (1995). As was the situation in *McDaniel*, Sumner is not seeking to withdraw his guilty plea on this basis so the conviction stands affirmed. But

the sentence must be vacated and the case remanded to the superior court to determine the terms of the plea agreement and whether the promises of the prosecution were fulfilled. If the court determines that the district attorney has fulfilled any promises which were part of the inducement o[r] consideration for defendant's plea of guilty, the sentence [excepting that portion found by this Court to be illegal] should be reinstated. Should the court determine that the district attorney has failed to fulfill promises which are part of the inducement for defendant's plea, the court should

determine what relief to which defendant may be entitled in the resentencing of defendant.

*McDaniel*, 172 Ga. App. at 563-564.

*Sentence vacated and case remanded. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MARCH 19, 2007.

*Sutherland, Asbill & Brennan, James R. McGibbon, Frank D. LoMonte*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bradley R. Malkin, Elizabeth A. Baker, Assistant District Attorneys*, for appellee.