[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 08, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16230

_____

D. C. Docket No. 06-00170-CV-TCB-1

WILLIAM E. SUMNER,

Plaintiff-Appellant,

versus

STATE BOARD OF PARDONS AND PAROLES
OF THE STATE OF GEORGIA,
MILTON E. (BUDDY) NIX, JR.,
Chairman,
GARLAND R. HUNT,
Vice-Chairman,
GARFIELD HAMMONDS, JR.,
EUGENE P. WALKER,
L. GALE BUCKNER,
Individually and in their Official
Capacities as Members and Employees of
the State Board of Pardons and Paroles,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 8, 2007)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

William E. Sumner appeals the district court's discovery order and its grant of summary judgment. Sumner alleges that the Georgia State Board of Pardons and Paroles ("Board") deprived him of liberty without due process when it rescinded its decision concerning the date of his parole. In 2002, Sumner, a former lawyer, pled guilty in the Fulton County Superior Court to fourteen felony counts based on theft from his clients. He was sentenced to fifteen years, with six to serve and the remainder on probation. On August 29, 2005, the Board issued a "Parole Certificate" indicating that Sumner was being paroled and listing his effective parole date as September 12, 2005. The certificate was given to Sumner and signed by him on September 6, 2005. That same day, however, the Board reconsidered Sumner's case and set a new tentative parole date of January 2008.

Sumner filed this action in January 2006, arguing that the Board's revocation of his parole date constituted a deprivation of his liberty interests without due process of law. He sought injunctive relief, as well as monetary damages and attorney's fees. Sumner also sought discovery of his parole file and any information used by the Board in rescinding its parole decision. The district court denied Sumner's discovery motions and granted summary judgment in favor

2

of the defendants, and this appeal ensued.

On March 19, 2007, the Georgia Court of Appeals vacated Sumner's sentence and remanded the case to the Superior Court for resentencing. *Sumner v. State*, 643 S.E.2d 831 (Ga. Ct. App. 2007). On May 10, 2007, the Superior Court imposed a new sentence and ordered that the remainder of Sumner's sentence be served on probation. Accordingly, Sumner was released from prison. He is not currently incarcerated.

Sumner's release from prison renders his claims for injunctive relief moot. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993). "'[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *City of Los Angeles*, 461 U.S. at 102, 103 S. Ct. at 1665 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S. Ct. 669, 676, 38 L. Ed. 2d 674 (1974)). Moreover, "[t]he remote possibility that an event might recur is not enough to

overcome mootness . . . ." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

Given Sumner's release from prison, this court can no longer "give meaningful relief" with respect to his claims seeking an injunction, and therefore those claims are moot. The "remote possibility" that the unusual circumstances giving rise to this action could recur in the future is not sufficient to alter this conclusion. *See Al Najjar*, 273 F.3d at 1336. Accordingly, we must dismiss Sumner's appeal as to his claims for injunctive relief and vacate the portions of the district court's order addressing those claims. *See De La Teja v. United States*, 321 F.3d 1357, 1364 (11th Cir. 2003) ("[W]hen an issue in a case becomes moot on appeal, the court not only must dismiss as to the mooted issue, but also vacate the portion of the district court's order that addresses it.").

As to his claims for damages, Sumner did not challenge the district court's denial of those claims in his brief on appeal. Therefore, those claims are deemed abandoned, and we must dismiss his appeal as it pertains to them. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331, 1335 (11th Cir. 2004). Sumner's appeal of the denial of his discovery motions are now moot also because he has no valid appeal of the judgment entered against him on his damage or other claims.

Because there are no remaining issues properly before us, we dismiss Sumner's appeal in its entirety. For the reasons discussed above, we vacate the portions of the district court's order addressing Sumner's claims for injunctive relief.

**DISMISSED; VACATED in part.**