## A91A2037. HEAD v. THE STATE.
(417 SE2d 398)

JOHNSON, Judge.

At the conclusion of a bench trial, the appellant, Sherry Head, was found guilty of theft by deception. She brings this appeal from the denial of her motion for new trial.

The state's evidence showed that on March 16, 1990, Ms. Head approached the customer service counter at a K-Mart store in Mableton, Georgia, obtained a refund for certain items she had previously purchased and left the store. After re-entering the store empty handed approximately 30 minutes to an hour later, she approached the customer service desk carrying two hats and two dresses, inquired about obtaining a refund for the two hats, and, representing that she had previously purchased one of the two dresses from another K-Mart store, sought to exchange that dress for the other one. However, she had no receipts for any of this merchandise, and the customer service supervisor consequently declined these requests. Ms. Head then indicated that she would simply go to the checkout counter ahead and pay for the dress which she had wanted to exchange for the previously purchased one, and she asked the customer service supervisor to place the other items in a bag for her in the meantime. The customer service supervisor complied, and upon returning from the checkout counter, Ms. Head retrieved the bag and left the store with it. She was detained at this time by the security supervisor and was subsequently charged with theft by deception in connection with her acquisition of the two hats and the dress for which she had no sales receipt.

1. Head contends that the customer service supervisor should not have been allowed to testify because her name had not been included on the list of witnesses provided to defense counsel prior to trial. See generally OCGA § 17-7-110. However, no such objection was raised at trial, and it is well settled that such an objection may not be raised for the first time on appeal. See *Jackson v. State,* 186 Ga. App. 847, 848 (1) (368 SE2d 771) (1988).

2. Head further contends that the evidence is insufficient to support the conviction because the customer service manager's testimony was predicated on hearsay and because the state failed to introduce into evidence the merchandise she was accused of having stolen. These contentions are without merit. The customer service manager quite obviously was testifying as an eyewitness, and Head did not dispute that she had been in possession of the merchandise in question when she was detained outside the store. Construed in favor of the verdict, the evidence introduced at trial was amply sufficient to enable a rational trier of fact to find her guilty beyond a reasonable doubt of theft by deception. See generally *Jackson v. Virginia,* 443

U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. It is contended that the trial judge improperly applied a preponderance of the evidence standard in finding her guilty. However, the transcript does not support this contention but rather reveals that the trial judge repeatedly announced at the conclusion of the trial that he was convinced of the defendant's guilt beyond a reasonable doubt.

4. Head contends that by refusing to sentence her as. a first offender status pursuant to OCGA § 42-8-60, the trial court improperly penalized her for exercising her right to trial. This contention is also without merit. "A trial court is not required to grant first offender treatment, but may impose, in its discretion, any sentence prescribed by law. [Cit.]" *Hardman v. Hardman,* 185 Ga. App. 519, 520 (4) (364 SE2d 645) (1988). See also *Moreland v. State,* 183 Ga. App. 113 (5) (358 SE2d 276) (1987). The constitutionality of the statute in question was neither raised nor ruled upon below and thus cannot be addressed on appeal.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED MARCH 16, 1992 —
RECONSIDERATION DENIED APRIL 2, 1992.

*Gary R. Pelphrey, Joyce H. Pelphrey,* for appellant.
*Patrick H. Head, Solicitor, Beverly M. Collins, H. William Rowling, Jr., Assistant Solicitors,* for appellee.