A98A2263. PHILLIPS v. THE STATE.
(512 SE2d 32)

BLACKBURN, Judge.

Larry Phillips, proceeding pro se, appeals both the trial court's order denying his motion to correct illegal sentences and its subsequent order dismissing his motion for reconsideration. Phillips con-

tends the sentences he received for child molestation and sexual exploitation of children, among other things, in 1990 and in 1994, after entering negotiated pleas, are illegal. We find Phillips' sentences are not illegal and, therefore, affirm.

In 1990, Phillips, with the assistance of counsel, negotiated a guilty plea to three counts of sodomy, one count of violating the Georgia Controlled Substances Act, and one count of sexual exploitation of children. The trial judge accepted the guilty plea and followed the State's recommendation to impose: (1) a twenty-year sentence, three years to serve and seventeen on probation; (2) banishment from the Cherokee Judicial Circuit; and (3) a $10,000 fine with applicable surcharges.

At the 1990 sentencing hearing, the court was informed by Phillips' counsel that the State was in possession of certain computer equipment which had been seized from Phillips. The judge indicated that Phillips was entitled to the return of his property or, if he wished, could allow the State to keep it and apply its appraised market value to his fine. Phillips contends he allowed the State to retain his property but did not receive credit toward his fine.

In 1994, after serving his prison time for his 1990 convictions, Phillips violated his probation and was arrested. With the assistance of counsel, he again negotiated a guilty plea to two counts of aggravated child molestation and eight counts of sodomy. The trial court accepted this guilty plea and followed the recommendation of the State to impose: (1) a sentence of thirty years, ten to serve and twenty on probation; (2) restitution for any counseling needed by the teenage victim; and (3) a prohibition from fraternizing with any child under the age of eighteen without the supervision of an adult not related to Phillips. Phillips' counsel was present at the sentencing hearing, and the court asked Phillips if his counsel did anything to which he objected. Phillips answered, "No, sir."

In 1998, Phillips filed a motion in the trial court to correct illegal sentences, contending that both his 1990 and 1994 sentences are illegal for multiple reasons. The court denied the motion, and Phillips filed a notice of appeal. After filing his notice, Phillips filed a motion for reconsideration in the trial court. The trial court then properly dismissed this motion for lack of jurisdiction since Phillips had already filed a notice of appeal. *State v. Ganong*, 221 Ga. App. 250 (470 SE2d 794) (1996).

1. Phillips inappropriately groups several arguments under a single enumeration of error contending the trial court erred in denying his motion to correct illegal sentences and in denying his motion for reconsideration. "[T]his court has long recognized that OCGA § 5-6-40 requires that an enumeration of errors shall set out separately each error relied upon. In the exercise of our sound discretion, we

may elect to review any one or more of the several assertions of error contained within a single enumeration and to treat the remaining assertions of error therein as abandoned." (Punctuation omitted.) *Holt v. Leiter*, 232 Ga. App. 376, 380 (1) (501 SE2d 879) (1998). For this reason, our focus here is whether Phillips' sentences in 1990 and in 1994 are in fact void "based on what we perceive [his] arguments to be." *In the Interest of C. W. S.*, 231 Ga. App. 444, 445 (1) (498 SE2d 813) (1998).

This Court has previously held that "[w]here a sentence is void, . . . the court may resentence the defendant at any time." (Punctuation omitted.) *Thomas v. State*, 226 Ga. App. 409 (486 SE2d 673) (1997). However, both of Phillips' sentences were imposed upon the recommendation of the State after Phillips, his attorney, and the prosecutor negotiated the plea agreements. A person may "validly [waive his or her constitutional] rights through the plea bargaining process." *Allen v. State*, 258 Ga. 424, 425 (4) (369 SE2d 909) (1988). Likewise, when a person "knowingly and voluntarily enter[s] into [a] negotiated plea agreement and accept[s] [the conditions] of his [or her] probation in open court, he [or she waives] the right to challenge [the] issue on appeal." *Darby v. State*, 230 Ga. App. 32, 33 (4) (495 SE2d 146) (1997). As such, Phillips, who agreed to the sentences against him as part of a negotiated plea, has waived his right to challenge the conditions of his sentence on appeal.

2. Moreover, even if Phillips had preserved his right to appeal, his contentions would be meritless. Phillips contends that his 1990 sentence is illegal because he did not receive: (1) relief from the banishment provision of his sentence; or (2) credit toward his fine for his computer equipment in the possession of the State. The record, as it exists before this Court, does not support Phillips' claim that the banishment provision would be expunged in exchange for his computer equipment. Furthermore, the record indicates that any agreement regarding Phillips' computer equipment was a collateral agreement between Phillips and the prosecutor regarding the manner or means by which Phillips would pay his fine. "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." (Punctuation omitted.) *Thompson v. Greene*, 265 Ga. 782, 784 (1) (462 SE2d 747) (1995). There is no evidence before us to indicate that this collateral agreement constituted any part of the inducement to enter a plea. Moreover, "there can be no serious question here of an unfulfilled promise made by the prosecutor to induce [a] guilty [plea]," *Cunningham v. State*, 235 Ga. 664 (221 SE2d 428) (1975), since the court made it unequivocally clear that Phillips could choose or not choose to relinquish his computer equipment, but that "the fine has got to be paid." The sentence which

Phillips received is the sentence to which he and his counsel agreed during plea bargaining, and as such, is not illegal. *Darby*, supra.

Phillips also claims that the surcharges applied to his 1990 fine for jail construction and maintenance are illegal. The Georgia Code provides, "[i]n every case in which any superior court . . . shall impose a fine . . . for any offense against a criminal . . . law of this state . . ., there shall be imposed as an additional penalty a sum equal to 10 percent of the original fine." OCGA § 15-21-93 (a) (1). The surcharges total $1,000 on a $10,000 fine. These surcharges do not exceed the statutory maximum of the total fine and consequently are not illegal.

3. Finally, Phillips objects to the imposition of restitution without a hearing in his 1994 sentence. The hearing, however, would have been moot since Phillips and his attorney agreed to the payment of restitution. Phillips had the opportunity, either on his own volition or through his attorney, either during the negotiation or in open court, to object to any provision or condition of the plea arrangement with which he did not agree. Neither Phillips nor his attorney objected to the imposition of restitution, and as such, Phillips waived his right to object now. *Darby*, supra. Phillips' motion to withdraw his appeal is denied.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 5, 1999 —
RECONSIDERATION DISMISSED MARCH 3, 1999 — 

Larry Phillips, *pro se.*
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.