A99A1910. BARBER v. THE STATE.
(522 SE2d 238)

McMURRAY, Presiding Judge.

Defendant pleaded guilty, but mentally ill, to a single count of child molestation and four counts of aggravated child molestation and was sentenced to ten years to serve running concurrently as to each count and "with any sentence now serving." Approximately seven months later, defendant filed a petition to correct void judgment, arguing that his sentence to ten years confinement was void in that the trial court erred in accepting his pleas of guilty but mentally ill allegedly in violation of OCGA § 17-7-131 (b) (2). The trial court denied his petition, and defendant, pro se, appeals, renewing the

argument he made below.

> A trial court has no jurisdiction to modify a sentence after the term of court ends or 60 days pass. *Heard v. Gill*, 204 Ga. 261 (49 SE2d 656) (1948); OCGA § 17-10-1. Where a sentence is void, however, the court may resentence the defendant at any time. *Mullins v. State*, 134 Ga. App. 243 (214 SE2d 1) (1975). A sentence is void if the court imposes punishment that the law does not allow. See, e.g., *Wade v. State*, 231 Ga. 131, 134-135 (200 SE2d 271) (1973) (holding sentences invalid because they did not follow the jury's verdict and sentence).

*Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517).

In the case sub judice, the trial court was authorized by OCGA § 17-7-131 (g) (1) to impose concurrent ten-year sentences to serve after the defendant entered his guilty pleas to child molestation and aggravated child molestation. OCGA § 16-6-4 (b) and (d) (1), respectively. Therefore, the judgment is not void, and the trial court properly denied defendant's petition to correct void judgment.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED AUGUST 31, 1999 —
RECONSIDERATION DENIED SEPTEMBER 15, 1999 — 

William L. Barber, *pro se*.
John C. Pridgen, *District Attorney*, for appellee.

