## A00A0744. GRIFFIN v. THE STATE.
(535 SE2d 783)

RUFFIN, Judge.

Mark Griffin appeals the trial court's denial of his motion to resentence. Griffin contends that the court erred by failing to consider whether to sentence him under the First Offender Act. We disagree and affirm.

In 1996, a jury found Griffin guilty of one count each of rape, battery, and false imprisonment.[1] At Griffin's sentencing, the prosecutor told the court that OCGA § 17-10-6.1 (b) set forth a mandatory minimum sentence of ten years in prison for the crime of rape,[2] and he recommended that the court sentence Griffin to fifteen years, with ten to serve, on the rape charge. Defense counsel agreed that OCGA § 17-10-6.1 (b) established a ten-year mandatory minimum sentence for rape, and he asked the judge to impose that minimum. Defense counsel then stated: "I don't know if I can ask you to come under that. I would if I could. . . ." The trial court sentenced Griffin to ten years to serve in prison for the rape charge, with concurrent sentences of ten years for false imprisonment and twelve months for battery.

At no time during Griffin's sentencing did any of the attorneys or the trial court raise the issue of Griffin's eligibility for sentencing under the First Offender Act. At the hearing on Griffin's motion to resentence, the trial court conceded that it did not occur to him at Griffin's sentencing to consider first offender treatment. Griffin submitted an affidavit from his trial counsel, who stated that he was not aware at the time of sentencing that Griffin was eligible for first offender treatment and that, had he been so aware, he would have requested such treatment.[3]

---

[1] See *Griffin v. State*, 224 Ga. App. 225 (480 SE2d 608) (1997) (affirming convictions).

[2] OCGA § 17-10-6.1 (b) provides that "no portion" of the ten-year mandatory minimum sentence for one of seven enumerated violent felonies, including rape, "shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and shall not be reduced by any form of pardon, parole, or commutation of sentence by the State Board of Pardons and Paroles."

[3] Griffin does not argue that trial counsel was ineffective for failing to request first offender treatment.

The First Offender Act provides as follows:

> Upon a verdict or plea of guilty or a plea of nolo contendere, but before an adjudication of guilt, in the case of a defendant who has not been previously convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant:
>
> (1) Defer further proceeding and place the defendant on probation as provided by law; or
>
> (2) Sentence the defendant to a term of confinement as provided by law.[4]

Upon completion of a sentence of probation or confinement imposed under this act, "a first offender is discharged without any adjudication of guilt and is not considered to have a criminal conviction."[5] "A trial court is not required to grant first offender treatment, but may impose, in its discretion, any sentence prescribed by law."[6]

The parties agree that at the time of Griffin's sentencing, he was eligible for first offender treatment.[7] The parties also agree that the sentence Griffin received was allowed under the law. Griffin argues, however, that even though defense counsel did not request first offender treatment for Griffin, the trial court was nevertheless obligated to consider that possibility, and that the trial court's failure to do so rendered the sentence void.[8] We disagree.

Nothing in the First Offender Act specifically requires that a trial court consider first offender status in the absence of a request by the defendant. Griffin points to a portion of the act providing that "[t]he defendant shall be informed of the terms of this article at the time of imposition of sentence."[9] Contrary to Griffin's assertion that this language "clearly establishes the duty is upon the Court to advise a defendant of his right to be considered as a First Offender," it merely requires that a defendant be fully informed of the consequences of accepting first offender treatment *if* the court grants such treatment and proceeds under the act. This reading is entirely con-

---

[4] OCGA § 42-8-60 (a).

[5] *State v. Allmond*, 225 Ga. App. 509-510 (484 SE2d 306) (1997).

[6] (Punctuation omitted.) *Head v. State*, 203 Ga. App. 730, 731 (4) (417 SE2d 398) (1992).

[7] In 1998, after Griffin's sentencing, OCGA § 17-10-6.1 (b) was modified to provide that persons convicted of a "serious violent felony," including rape, are not eligible for first offender treatment. See *Fleming v. State*, 271 Ga. 587, 588-589 (523 SE2d 315) (1999). However, we apply the law that was in existence at the time of Griffin's sentencing. See *Hicks v. State*, 228 Ga. App. 235, 237 (1) (b) (494 SE2d 342) (1997).

[8] Although a trial court lacks jurisdiction to modify a sentence after the term of court has ended or 60 days have passed, the court may resentence the defendant at any time if the original sentence was void. *Barber v. State*, 240 Ga. App. 56, 57 (522 SE2d 238) (1999).

[9] OCGA § 42-8-61.

sistent with the proviso that a court may not impose first offender treatment without a defendant's consent.[10]

Griffin also relies on our decision in *Jones v. State*.[11] There, the trial judge denied the defendant's request for first offender treatment, stating that he had never used such treatment and never intended to do so. We held that the trial court's "mechanical sentencing policy" of never granting first offender status amounted to a refusal to exercise discretion, and we vacated the sentence and remanded for the judge to consider the merits of the defendant's first offender request. Here, there is no indication that the trial court had an inflexible policy of never granting first offender treatment or that the court failed to exercise its discretion in that regard. The record simply shows that Griffin never requested first offender treatment, so the matter was never brought to the court's attention. *Jones* does not apply here.

In the absence of specific language in the First Offender Act mandating a trial court to consider sua sponte whether to apply first offender treatment, we will not judicially create such a requirement.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 12, 2000 ▆▆▆▆▆▆▆▆

*Larry D. Wolfe*, for appellant.

*Thurbert E. Baker, Attorney General, Michael E. Hobbs, Counsel to Attorney General, David S. McLaughlin, Assistant Attorney General*, for appellee.

---

[10] See OCGA § 42-8-60 (a).
[11] 208 Ga. App. 472 (431 SE2d 136) (1993).