## A00A1621. GILBERT v. THE STATE.
### (538 SE2d 104)

ELDRIDGE, Judge.

On November 23, 1999, William Jackson Gilbert entered a negotiated guilty plea to three counts of sexual exploitation of children,[1] four counts of child molestation,[2] and two counts of aggravated child molestation[3] upon a 57-count indictment. After accepting the plea as providently entered, the Houston County Superior Court sentenced the defendant to 60 years confinement, to serve 40 upon the State attorney's recommendation under the plea agreement. A post-sentencing hearing was held on November 30, 1999, after the sentence had been imposed, to determine whether the superior court should reduce the sentence, and it is to issues arising out of this hearing that defendant addresses his claims of error in attacking the sentence entered on November 23, 1999, in the case sub judice.

In three related enumerations of error arising out of the Novem-

---

[1] "It is unlawful for any person knowingly to possess or control any material which depicts a minor engaged in sexually explicit conduct." OCGA § 16-12-100 (b) (8).

[2] "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a).

[3] "A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy." OCGA § 16-6-4 (c).

ber 30 hearing, defendant contends that the superior court erred in admitting photographs of his female victims, ages ten and eight, respectively — this for seizure following an unlawful search, a confession taken upon an illegal arrest outside defendant's home, and upon improper offer of hope or benefit under OCGA § 24-3-50.[4] Defendant otherwise contends that the superior court erred at its November 30 hearing (a) by admitting victim impact statements provided by the victims' fathers under OCGA § 17-10-1.2, (b) by denying his motion to recuse the State's attorney for publicity before the November 30 hearing as in violation of DR 7-107 of the Rules and Regulations of the State Bar of Georgia, (c) by admitting similar transaction evidence in the absence of notice, violating OCGA § 17-10-2 (a), (d) by imposing sentence before conducting a presentence hearing under OCGA § 17-10-2, and (e) by imposing a disproportionately severe sentence.

By its brief on appeal, the State argues that the defendant is trying to circumvent this Court's decision in *Hooten v. State*, 212 Ga. App. 770, 775 (442 SE2d 836) (1994), disallowing the conditional guilty plea procedure authorized in *Mims v. State*, 201 Ga. App. 277, 279 (410 SE2d 824) (1991), in entering his guilty plea upon reservation of the right to challenge on sentencing the superior court's rulings as to his pretrial motions to suppress. While defendant's guilty plea waives any issue as to the admissibility of such evidence as it bears on defendant's conviction, it does not waive the use of inadmissible evidence at sentencing. *Christenson v. State*, 261 Ga. 80, 91 (9) (402 SE2d 41) (1991). Because the right to challenge the admissibility of evidence on sentencing is thus not waived by a plea of guilty, a guilty plea reserving such right, as here, does not constitute a conditional guilty plea violating *Hooten*. Id. at 770 (1) ("In *Mims*[, supra,] we sought to establish procedures for what . . . had been the informal practice of allowing criminal defendants to plead guilty while reserving the opportunity to raise on appeal rulings by the trial court which ordinarily would be waived by the plea."). *Held*:

1. There is no merit in defendant's claim that the superior court abused its discretion in sentencing him. "A determinate sentence which falls within statutorily mandated parameters is not subject to attack on Eighth Amendment grounds." *Inglett v. State*, 239 Ga. App. 524, 529 (9) (521 SE2d 241) (1999), citing *Pollard v. State*, 230 Ga. App. 159, 161 (5) (495 SE2d 629) (1998). There is no claim that defendant did not know the terms of the negotiated plea he entered. He entered his plea upon the advice of counsel knowing that if he

---

[4] In this regard, the superior court adhered to the order of the judge at the pretrial suppression hearing, denying defendant's suppression motions. On October 12, 1999, this Court denied defendant's application for interlocutory appeal thereof.

rejected the State's offer, he could have been tried upon the entire 57-count indictment and sentenced accordingly. Moreover, a negotiated plea is in the nature of a contract, *Powell v. State*, 229 Ga. App. 52, 53 (1) (494 SE2d 200) (1997), citing *Martin v. State*, 207 Ga. App. 861 (429 SE2d 332) (1993), and the State having honored its obligation thereunder, the superior court did not err in requiring of the defendant his end of the bargain. *Powell v. State*, supra at 53-54.

2. Neither is there merit in defendant's claim that the superior court erred in sentencing him after accepting his negotiated plea in the absence of the presentence hearing required by OCGA § 17-10-2 (a). OCGA § 17-10-2 (a) does not reach sentencing following guilty pleas, its terms applying only in those cases in which sentence is imposed after a jury trial, a bench trial or probation revocation proceedings for a first offender. *Powell v. State*, supra, citing *Martin v. State*, supra.

3. Defendant raised his remaining claims of error attacking his sentence only after being sentenced on November 23. As a consequence, he failed to preserve these issues for review. *Gillman v. State*, 239 Ga. App. 880, 883-884 (2) (b) (522 SE2d 284) (1999). Notwithstanding the foregoing, any error at the November 30 sentence reduction hearing would have been harmless for going only to the superior court's decision not to reduce defendant's sentence as imposed on November 23. Even were this not the case, "[a] plea of guilty ordinarily renders harmless the admission into evidence of facts regarding the crime or crimes charged which are included in the guilty plea." *Christenson v. State*, supra. That the superior court considered evidence beyond the scope of defendant's guilty plea at its November 30 sentence reduction hearing is not in issue in this case.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 4, 2000 —
RECONSIDERATION DENIED AUGUST 15, 2000

*George L. Williams, Jr.*, for appellant.

*Kelly R. Burke, District Attorney, Katherine E. Kelley, Assistant District Attorney*, for appellee.