A01A0527. BOLDEN v. THE STATE.
(552 SE2d 533)

MIKELL, Judge.

We granted Cordie Bolden's application for discretionary appeal to consider whether the trial court properly considered her plea of nolo contendere to a subsequent offense when it vacated her first offender status and resentenced her. Because we find that a nolo con-

---

tendere plea may be considered for the limited purpose of resentencing a defendant under the first offender provisions of OCGA § 42-8-60, we affirm.

After entering a guilty plea to one count of possession of marijuana and one count of sale of cocaine, Bolden was sentenced as a first offender. While on probation, Bolden entered a nolo contendere plea to a charge of theft by taking. The state filed a probation revocation petition based on Bolden's commission of a subsequent offense. At the hearing, the state introduced a certified copy of Bolden's nolo contendere plea to the theft by taking charge. The court vacated Bolden's first offender status, entered an adjudication of guilt, and resentenced her.

Relying on OCGA § 17-7-95, Bolden argues that the trial court erred in considering her nolo contendere plea.[1] We reject Bolden's argument, however, and find that her plea was admissible in the narrow context of resentencing her.

OCGA § 42-8-60 governs probation prior to adjudication of guilt and allows the court to grant first offender status to a defendant who has not been previously convicted of a felony. First offender status merely affords a defendant the opportunity to defer further proceedings and to be placed on probation. Such status may be revoked based on any violation of the conditions imposed on the defendant in connection with the first offender sentence.

In this case, when Bolden was sentenced as a first offender, her sentence provided that further proceedings were deferred, but that upon violation of her conditions of probation, the court could enter an adjudication of guilt and sentence her accordingly. Therefore, when Bolden came before the trial judge again, although the procedure might be referred to as a hearing on revocation of first offender status, it is more accurately characterized as a resumption of her deferred sentencing proceeding. Although the appealed order is contained on a pre-printed form entitled "Probation Revocation Order," it does not provide that Bolden's probation has been "revoked"; rather, the order provides: "First Offender Status & Sentence Vacated; Adjudication of Guilt Entered," and further specifies the terms of her resentence.

Furthermore, OCGA § 17-10-2 (a), which specifically allows the consideration of nolo contendere pleas for sentencing purposes, applies to first offender resentencing.[2] Bolden was notified that the hearing would concern her charge of theft by taking, as required by

---

[1] OCGA § 17-7-95 (c) provides: "Except as otherwise provided by law, a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any purpose."

[2] See *Gilbert v. State*, 245 Ga. App. 544, 546 (2) (538 SE2d 104) (2000).

the statute.[3] Thus, in the narrow circumstances of this case, the trial court was entitled to consider Bolden's nolo contendere plea in resentencing her under the first offender provisions of OCGA § 42-8-60. Accordingly, we affirm.

*Judgment affirmed. Pope, P. J., Johnson, P. J., Eldridge and Miller, JJ., concur. Blackburn, C. J., and Andrews, P. J., dissent.*

BLACKBURN, Chief Judge, dissenting.

Because I do not agree that nolo contendere pleas may be considered in probation revocation proceedings, I must respectfully dissent.

After entering a guilty plea to one count of possession of marijuana and one count of sale of cocaine, Bolden was sentenced as a first offender to three years, to serve sixty days, and to complete the Intensive Probation Program. While on probation, Bolden entered a nolo contendere plea to a charge of theft by taking. The State filed a probation revocation petition based upon the commission of a subsequent offense. At the revocation hearing, the only evidence introduced was a certified copy of Bolden's nolo contendere plea to the theft by taking charge. Bolden's attorney objected to its use, citing OCGA § 17-7-95.

OCGA § 17-7-95 (c) pertinently provides: "Except as otherwise provided by law, a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any purpose." In *State v. Rocco*,[4] the Supreme Court of Georgia recognized other situations wherein the law specifically provided for the use of nolo contendere pleas: OCGA §§ 40-5-63 (a) (2) and 40-5-58 (d) allow for the consideration of nolo contendere pleas to determine DUI recidivism. Id. Additionally, OCGA § 17-10-2 (a) allows consideration of a defendant's record for sentencing purposes, including nolo contendere pleas. However, there is no legislative enactment which otherwise allows for the consideration of nolo contendere pleas in probation revocation hearings.

The plain language of OCGA § 17-7-95 (c) provides that Bolden's nolo contendere plea cannot be used against her for any purpose, except as provided by law. As the law does not provide for the use of such pleas for the purpose of probation revocation, the trial court erred in considering the plea as the factual basis of the commission of the subsequent crime.

Although the trial court is authorized to find a violation of probation by only a preponderance of the evidence, OCGA § 42-8-34.1 (a), such evidence must be admissible evidence. "Inadmissible evidence is

---

[3] OCGA § 17-10-2 (a) provides that "only such evidence in aggravation [of punishment] as the state has made known to the defendant" shall be admissible.

[4] *State v. Rocco*, 259 Ga. 463, 464 (384 SE2d 183) (1989).

no evidence at all." *Amiss v. State.*[5] Because of the clear mandate of OCGA § 17-7-95 (c), Bolden's nolo contendere plea was not admissible evidence of the theft by taking charge in these circumstances.

The majority's reliance upon OCGA § 17-10-2 (a) is untenable. OCGA § 17-10-2 (a) provides for the admission of nolo contendere pleas at presentence hearings. However, it is clear from the face of the statute that it exclusively applies to hearings where "the *only* issue shall be the determination of punishment to be imposed." (Emphasis supplied.) At Bolden's hearing, however, the evidence was offered for more than the determination of "punishment." The nolo contendere plea was admitted as the sole evidence of the *initial* determination that a probation violation had occurred. See OCGA § 42-8-34.1 (a) ("no court may revoke any part of any probated or suspended sentence unless . . . the evidence produced at the revocation hearing establishes by a preponderance of the evidence the violation"). Since the evidence was offered to support more than just the determination of punishment, the admission of Bolden's nolo contendere plea did not fall within the exception of OCGA § 17-10-2 and was therefore inadmissible under OCGA § 17-7-95 (c).

Furthermore, the majority's reliance upon *Gilbert v. State*[6] is misplaced. First, the language in *Gilbert* is dicta and is not binding on the court. Further, *Gilbert* is distinguishable because it did not involve the first offender statute, it did not involve the admissibility of nolo contendere pleas, and it did not involve the revocation of probation. Second, *Gilbert*'s dicta is not inconsistent with this dissent. That court stated that OCGA § 17-10-2 applied "in those cases in which *sentence* is imposed *after* a jury trial, a bench trial or probation revocation proceedings for a first offender." (Emphasis supplied.) Id. at 546 (2). Here, the nolo contendere plea was not offered during the sentencing *after* the revocation of probation, but was offered as evidence for the *initial* determination of a violation. No court has applied OCGA § 17-10-2 to admit nolo contendere pleas during the initial determination of a probation violation in first offender revocation proceedings. We should not ignore the clear mandate of OCGA § 17-7-95 (c) and allow for such an admission here. I would reverse the trial court's holding.

I am authorized to state that Presiding Judge Andrews joins this dissent.

---

[5] *Amiss v. State*, 135 Ga. App. 784, 787 (219 SE2d 28) (1975).

[6] *Gilbert v. State*, 245 Ga. App. 544 (538 SE2d 104) (2000).

DECIDED JULY 16, 2001 —
RECONSIDERATION DENIED JULY 31, 2001 — 

*Gerard B. Kleinrock*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Elisabeth G. Macnamara, Assistant District Attorneys*, for appellee.