## A02A1112. GIBSON v. THE STATE.
(570 SE2d 437)

RUFFIN, Judge.

Tracy Ray Gibson entered a negotiated guilty plea to one count of robbery by intimidation. The trial court sentenced him to ten years in the State Penal System, but provided that Gibson could serve the final five years on probation. Gibson appeals, asserting that the trial court erroneously sentenced him without ascertaining his criminal history or considering treatment under the First Offender Act ("the Act").[1] For reasons that follow, we affirm.

The record shows that Gibson pled guilty to robbery by intimidation on December 4, 2001. At the guilty plea hearing, the trial court informed Gibson of his rights, questioned him about his plea, and determined that the plea was free and voluntary. The trial court also asked Gibson whether he was satisfied with his counsel's representation, and Gibson responded, "[y]es." After the trial court accepted the plea, the State offered its sentencing recommendation of ten years, with five to serve in confinement. The trial court followed the State's recommendation, sentencing Gibson to ten years in the penitentiary, but probating the final five years.

1. In his first enumeration of error, Gibson argues that the trial court erred in sentencing him "without knowing . . . whether or not [his] criminal history contained any prior felonies." We find no error.

During sentencing, the prosecutor informed the trial court that, although Gibson's criminal history showed various "holds" and charges, she could not determine whether he had any prior felony convictions. The prosecutor further indicated that, according to Gibson, he had not previously been convicted of a felony. Because the State failed to present evidence of Gibson's criminal record, the trial court specifically stated that it was "not taking into consideration any prior record" that Gibson may have had. The trial court then imposed the State's recommended sentence.

On appeal, Gibson contends that the trial court should have confirmed that he had no prior felony convictions and, given that fact,

---

[1] OCGA § 42-8-60 et seq.

probated a greater portion of his sentence. Gibson, however, negotiated a plea agreement with the State, and the sentence recommended by the prosecutor apparently conformed to the agreement. Both Gibson and his attorney acknowledged at the hearing that the State's recommendation was the sentence they had "anticipated." Moreover, neither objected to the length of the overall sentence or the probation.

"[W]hen a person knowingly and voluntarily enters into a negotiated plea agreement and accepts the conditions of his . . . [sentence] in open court, he or she waives the right to challenge the issue on appeal."[2] Furthermore, a negotiated plea agreement "is in the nature of a contract."[3] Where the State upholds its side of the bargain, the trial court does not err in requiring the defendant to honor his obligations.[4] Pursuant to its agreement with Gibson, the State recommended a sentence of ten years, with five years to be served on probation. Gibson did not object to this recommendation at sentencing. Thus, he cannot now claim that the trial court erred in accepting the recommended sentence.[5]

2. Gibson also argues that the trial court erred in "not considering or offering to consider sentencing [him] under the provisions of the First Offender Act." The record shows that Gibson did not inquire at sentencing whether he was eligible for first offender treatment or request that he be sentenced under the Act. In fact, neither the parties nor the trial court referenced the Act at the hearing.

Pretermitting whether Gibson qualified for first offender treatment, we find no error in the trial court's sentence. Gibson contends that the trial court should have informed him of the Act's provisions, and its failure to do so renders his sentence void. In *Griffin v. State*,[6] however, we decided this issue adversely to Gibson. We noted in *Griffin* that "[n]othing in the First Offender Act specifically requires that a trial court consider first offender status in the absence of a request by the defendant."[7] The Act also does not impose a duty on the trial court to advise a defendant that he might be eligible for such status.[8] We concluded, therefore, that a trial court need not consider sua sponte whether to treat a defendant as a first offender.[9]

---

[2] (Punctuation omitted.) *Phillips v. State*, 236 Ga. App. 744, 746 (1) (512 SE2d 32) (1999). See also *Syms v. State*, 244 Ga. App. 21, 23 (3) (534 SE2d 502) (2000) ("[H]aving acquiesced to the amount of restitution by agreeing to the terms of the negotiated plea, [the defendant] cannot now challenge the validity of such terms.").

[3] *Gilbert v. State*, 245 Ga. App. 544, 546 (1) (538 SE2d 104) (2000).

[4] See id.

[5] See id.; *Phillips*, supra.

[6] 244 Ga. App. 447 (535 SE2d 783) (2000).

[7] Id. at 448.

[8] See id. at 448-449.

[9] See id. at 449.

Gibson did not request — or even mention — first offender treatment at his guilty plea hearing or sentencing. And, under *Griffin*, the trial court had no duty to raise this issue on its own. Accordingly, the trial court did not err in failing to consider or inform Gibson about the Act's possible application in this case.[10]

3. Finally, to the extent Gibson claims that his sentence is excessive, he presents no question for review.[11] Gibson's ten-year sentence falls within the statutory limits established by OCGA § 16-8-40 (b), and we " 'cannot review a sentence which is within the statutory limits.' "[12]

*Judgment affirmed. Barnes, J., concurs. Pope, P. J., concurs specially.*

POPE, Presiding Judge, concurring specially.

I fully concur in all of the opinion.

Nevertheless, I write separately to emphasize the importance of assuring that a defendant is fully informed of the provisions of the First Offender Act during negotiations regarding a guilty plea, or after conviction at trial. As the opinion correctly notes, in *Griffin v. State*, 244 Ga. App. 447 (535 SE2d 783) (2000), this court determined that in the absence of a request by the defendant there was no requirement that the trial court inform the defendant of the provisions of the First Offender Act. Thus, it is advisable that defendant's counsel explain first offender treatment to the defendant before the court determines the sentence.

In the instant case, it is not clear from the record before us whether Gibson was even eligible for first offender treatment. Furthermore, Gibson does not claim that his trial counsel was ineffective for failing to inform him of the provisions of the Act; it is unclear from the record whether defense counsel imparted this information to Gibson. Because this case does not squarely present the issue regarding defense counsel's responsibility, my concern here is solely to emphasize that the defense attorney should thoroughly present this information to his client.

DECIDED AUGUST 22, 2002.

*David E. Morgan III*, for appellant.
*Denise D. Fachini, District Attorney*, for appellee.

---

[10] See id.
[11] See *Broadwell v. State*, 224 Ga. App. 193, 195 (4) (480 SE2d 215) (1997).
[12] Id.