## A02A2204. WILSON v. THE STATE.
(578 SE2d 260)

RUFFIN, Presiding Judge.

On October 3, 1995, Jerry Wilson entered a negotiated guilty plea to voluntary manslaughter and possession of a firearm during

the commission of a felony. The trial court sentenced Wilson to consecutive terms of twenty years for manslaughter and five years for the firearm charge. Although the trial court granted Wilson's request for first offender treatment,[1] it ordered him to serve "straight time," without any probationary period. Approximately five years later, Wilson filed a "Motion to Correct Sentence," asserting that, given his first offender status, the trial court should have probated part of his sentence. The trial court denied the motion, and Wilson appeals. For reasons that follow, we affirm.

1. Wilson first argues that the trial court erred in ruling that it lacked jurisdiction to hear his motion to correct sentence. The record shows, however, that the trial court denied the motion on its merits. Following a hearing, the trial judge explained to Wilson that first offender treatment "doesn't mean . . . probation" and stated, "I'm not going to sentence him to probation." Wilson's claim that the trial court rejected his motion on jurisdictional grounds has no factual basis.

2. Wilson also argues that the trial court erroneously refused to probate his sentence. He apparently believes that, as a first offender, he is *entitled* to serve part of his sentence on probation. We disagree. Under OCGA § 42-8-60 (a), a trial court may place a first offender defendant on probation *or* "[s]entence the defendant to a term of confinement as provided by law." Nothing in the statute mandates a probationary period for first offenders. On the contrary, a trial court exercises its discretion in determining whether to grant probation to a first offender.[2]

Furthermore, we note that the trial court imposed the sentence recommended by *both parties* pursuant to the negotiated plea agreement. Neither Wilson nor his attorney objected to or questioned the sentence, which specified that Wilson would serve 25 years in confinement, without probation. And the record shows that Wilson benefitted from the plea bargain. Pursuant to the agreement, Wilson, who was originally charged with murder, pled guilty to the lesser included offense of voluntary manslaughter, and the State dismissed burglary and child molestation charges pending against him.

As we recently held, "[w]here the State upholds its side of the [negotiated plea] bargain, the trial court does not err in requiring the defendant to honor his obligations."[3] In other words, "[h]aving accepted the benefit of the bargain with the State," Wilson cannot "avoid living up to his part of the bargain."[4] Accordingly, the trial

---

[1] See OCGA § 42-8-60 et seq.
[2] See *Camaron v. State*, 246 Ga. App. 80, 82 (1) (539 SE2d 577) (2000).
[3] *Gibson v. State*, 257 Ga. App. 134, 135 (1) (570 SE2d 437) (2002).
[4] *Martin v. State*, 207 Ga. App. 861, 863 (429 SE2d 332) (1993).

court committed no error in refusing Wilson's request for a probated sentence.[5]

3. In his third enumeration of error, Wilson claims that the trial court "abused its discretion by failing to allow [him] access to the court and failing to allow presentation of evidence." According to Wilson, he "desired" to offer evidence of his military service and employment history at the hearing on his motion to correct sentence. The hearing transcript shows, however, that Wilson and his attorney made no effort to introduce evidence, and the trial court did not exclude any evidence. Under these circumstances, we find no error.[6]

4. Finally, Wilson asserts that the trial court erroneously concluded that it lacked jurisdiction to hear any other motions that he might file. At the end of the hearing on Wilson's motion to correct sentence, the trial court stated: "[N]o matter what papers [Wilson] files, this Court has no jurisdiction and don't bring him back in here anymore." In a written order, the trial court similarly indicated that Wilson had "no further recourse with this court."

We agree with Wilson that the trial court erred in concluding that it had no jurisdiction over any other matter involving Wilson's case. Certain issues remain within a trial court's jurisdiction. For example, a trial court may "resentence a defendant *at any time* if the sentence entered is void, i.e., imposes a sentence the law does not allow."[7] It also may correct a clerical mistake in a judgment or court order "at any time."[8] This error, however, does not affect the denial of Wilson's motion to correct sentence. As noted above, the trial judge resolved that motion on its merits.

Within this enumeration, Wilson further claims that the trial court should have considered his arguments relating to double jeopardy, the sufficiency of his guilty plea, and clerical errors in his sentence. But the record shows that Wilson did not raise these matters before the trial court. He argued only that, as a first offender, he was entitled to probation. Accordingly, these issues present nothing for us to review.[9]

*Judgment affirmed. Barnes and Adams, JJ., concur.*

---

[5] See *Gibson*, supra.

[6] See *Espinoza v. State*, 244 Ga. App. 96, 97-98 (2) (534 SE2d 824) (2000) ("A party cannot complain of error that his own legal strategy, trial procedure or conduct aided in causing.") (punctuation omitted).

[7] (Emphasis supplied.) *Manry v. State*, 226 Ga. App. 445, 446 (487 SE2d 80) (1997).

[8] OCGA § 9-11-60 (g).

[9] See *Bush v. State*, 273 Ga. 861 (548 SE2d 302) (2001) (because defendant failed to raise issue regarding uncounseled guilty plea in trial court, issue presented nothing for appellate review); *Scott v. State*, 254 Ga. App. 728, 729 (1) (a) (563 SE2d 554) (2002) ("Issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken.").

■■■■■■■■

DECIDED FEBRUARY 12, 2003.

■■■■■■■■

Jerry Wilson, *pro se*.

J. Thomas Durden, Jr., District Attorney, Melissa L. Heifferon, Assistant District Attorney, for appellee.