A03A2224. GREEN v. THE STATE.

(592 SE2d 901)

ADAMS, Judge.

Marshall Green was convicted by a jury of two counts of armed robbery and sentenced to consecutive fifteen-year terms on each count in July 1996. His original appeal to this Court challenged only

the sufficiency of the evidence, and we affirmed his conviction in *Horne v. State*, 231 Ga. App. 864 (501 SE2d 47) (1998). In November 2002 and March 2003, he filed motions seeking to correct his sentence on the grounds that it was void. The trial court denied Green's motions, and this pro se appeal followed.[1]

1. Green first contends that his sentence was illegal because the trial court had an impermissible sentencing policy which precluded a defendant convicted of armed robbery from requesting first offender treatment. Green argues the trial court's policy is shown by the following statement the trial court made when his sentence was imposed: "[I]t would probably normally be my inclination to let you hold two life sentences. But in view of the fact that the two co-defendants have been sentenced to fifteen years each on these counts, I'll sentence you each to fifteen years on Count One and fifteen years on Count Two."

We disagree that the trial court's statement concerning what would "probably normally be [his] inclination" indicates that the trial court had adopted an inflexible and impermissible sentencing formula or that the trial court had a policy refusing to consider first offender treatment for certain crimes.

> Refusal to consider first offender treatment as part of a sentencing formula or policy by automatic denial constitutes an abuse of discretion and constitutes reversible error. [Cit.] However, there must be a clear statement in the record that constitutes either a general refusal to consider such treatment or an erroneous expression of belief that the law does not permit the exercise of such discretion.

*Camaron v. State*, 246 Ga. App. 80, 82 (2) (539 SE2d 577) (2000). Compare *Wilcox v. State*, 257 Ga. App. 519, 520 (571 SE2d 512) (2002) (trial court made unequivocal statements that it would not give first offender treatment on an armed robbery charge).

Moreover, the law is clear that the trial court has no obligation to consider first offender treatment absent a request from the defendant. *Griffin v. State*, 244 Ga. App. 447, 448-449 (535 SE2d 783) (2000); see also *Gibson v. State*, 257 Ga. App. 134, 135 (2) (570 SE2d 437) (2002). In this case, neither Green nor his counsel requested that the court consider sentencing Green as a first offender. Compare *Wilcox*, 257 Ga. App. at 521 (statements made by trial court indicate

---

[1] Although Green originally filed an application for discretionary appeal from the trial court's order denying his motions, this Court determined that Green was entitled to file a direct appeal in this case, see *Williams v. State*, 271 Ga. 686, 689 (1) (523 SE2d 857) (1999), and thus granted Green's application pursuant to the provisions of OCGA § 5-6-35 (j).

first offender treatment was requested). "Here, there is no indication that the trial court had an inflexible policy of never granting first offender treatment or that the court failed to exercise its discretion in that regard. The record simply shows that [Green] never requested first offender treatment, so the matter was never brought to the court's attention." *Griffin*, 244 Ga. App. at 449. There is no evidence in this case that the trial court improperly failed to exercise its discretion with regard to sentencing Green as a first offender.

2. Green also contends that pursuant to OCGA § 16-1-7 (a) (1), the two armed robbery convictions should have been merged for sentencing because there was only one gun used and only one thing taken — the store's money, although there were two store employees in the room at the time.

As is pertinent to this issue, the trial transcript shows the following: The bookkeeper and front-end assistant for the Food Lion grocery store located in Gray testified that they worked at the store at night, counting the money from the registers as they closed, putting together the bank deposits to be made the next day, and placing the money from the registers into the store safe. At the time of the robbery, the assistant and bookkeeper were in a very small office inside the store, and the money from at least some of the registers was on the table. According to their testimony, a man carrying a sawed-off shotgun and another smaller man carrying a bag came to the office and demanded they give them "all your money." The man carrying the bag pushed the bookkeeper out of the way and entered the room, and took the money off the table and put it in the bag. The bookkeeper testified that the man with the gun stood right outside the door to the room, which could only hold two people comfortably, and that some of the time he had the gun pointed at her head but that he would shift the gun and point it in the direction of the other victim so she would stay in place. The assistant testified that at one point she turned her head and looked straight into the barrel of the gun. After the money was loaded into the bag, the robbers left the store.

The trial court did not err by failing to merge the armed robbery convictions under the facts of this case. "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . ." OCGA § 16-8-41 (a). The store's money was taken from the immediate presence of both employees, who were both responsible for and had "possession" of the store's receipts, regardless of which employee may actually have been counting the money when the robbery occurred. "Each employee who was robbed is a victim, regardless who owned the money. See *Lawrence v. State*, 198 Ga. App. 287, 290 (3) (401 SE2d 275) [(1991)]. If

two victims are robbed, the defendant may be charged with the robbery of each victim. See *Painter v. State*, 237 Ga. 30 (226 SE2d 578) [(1976)]." *McCluskey v. State*, 211 Ga. App. 205, 206 (1) (438 SE2d 679) (1993). See also *Phanamixay v. State*, 260 Ga. App. 177, 180 (3) (581 SE2d 286) (2003) (armed robbery conviction involving two victims did not merge); cf. *Johnson v. State*, 246 Ga. App. 109, 112 (4) (539 SE2d 605) (2000) (robbery counts merged for sentencing where there was only one victim and items were taken during the same incident). Based on the foregoing, the trial court did not err in denying Green's motion to vacate and correct his sentence.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JANUARY 9, 2004.

Marshall Green, *pro se*.
*Fredric D. Bright, District Attorney*, for appellee.