A05A1810. KAISER v. THE STATE.
(621 SE2d 802)

PHIPPS, Judge.

Alan B. Kaiser, a physician, pled guilty to more than 60 counts of the unauthorized manufacture, possession, and dispensation of controlled substances. He was sentenced to serve thirty years, ten years in confinement and the balance on probation. The court imposed several special conditions of probation, including, "Defendant shall not *ever* practice Medicine in the State of Georgia or in any State contiguous with the State of Georgia and shall surrender his Medical License if not surrendered previously."[1] The court also imposed fines and surcharges totaling $82,600.

Kaiser moved to modify his sentence, arguing, among other things, that the above special condition rendered his sentence indeterminate and therefore void. The court denied the motion, and Kaiser appeals. He argues that the condition restricting his practice of medicine is both indeterminate and inconsistent with the purposes of probation; and he claims that the fine is void because the court failed to inquire into his ability to pay it. We find that the permanent limitation on his practice of medicine violates OCGA § 17-10-1 (a), and we therefore vacate the sentence and remand for resentencing. Kaiser's other arguments, however, were waived.

---

[1] (Emphasis supplied.)

1. The state contends that Kaiser waived the right to challenge his sentence by entering into a negotiated guilty plea. "When a person knowingly and voluntarily enters into a negotiated plea agreement and accepts the conditions of his sentence in open court, he or she waives the right to challenge the issue on appeal."[2] The record shows that Kaiser and his attorneys negotiated a guilty plea and sentence with the state that included the challenged fine and the prohibition on his practice of medicine in Georgia or a state contiguous to Georgia. The court found that Kaiser's guilty plea was made "freely, voluntarily, and knowingly." Before imposing the negotiated sentence, the court asked Kaiser if he concurred with it. Kaiser responded, "Yes, sir." Because Kaiser negotiated the fine and the restriction on his practice of medicine and accepted those conditions in open court, he has waived the right to challenge them now.[3]

After imposing the recommended sentence, however, the court sua sponte added language to the special condition restricting Kaiser's practice of medicine. As negotiated by the parties and recommended by the state, the special condition's prohibition would have applied only during the period of Kaiser's sentence. But the court inserted the word "ever" into the condition, thereby making it a permanent prohibition. Kaiser did not negotiate the infinite duration of the special condition.

Nor did Kaiser accept the permanent aspect of the condition in open court. After adding the word "ever" to the condition and opining that the prohibition would now legally extend beyond Kaiser's probationary period, the court asked defense counsel, "I think that's right, isn't it . . . ?" Defense counsel responded, "I can't voice disagreement because I'm not sure, but it seems right to me." This exchange did not signify an acceptance of the condition. First, it is not clear whether the court was asking defense counsel whether he accepted the court's modification of the condition or whether he agreed with the court about the legal effect of the surrender of Kaiser's medical license. Second, counsel's response was equivocal and did not indicate a clear acceptance of the court's modification. Third, the court did not ask Kaiser whether he agreed to the change. Under these circumstances, we find that Kaiser did not waive his right to challenge the permanent aspect of the special condition.

---

[2] *Gibson v. State*, 257 Ga. App. 134, 135 (1) (570 SE2d 437) (2002) (citation and punctuation omitted); see also *Phillips v. State*, 236 Ga. App. 744, 746 (1) (512 SE2d 32) (1999) (defendant who agreed to sentence against him as part of negotiated plea waived right to challenge sentence as void based on illegal conditions); *Darby v. State*, 230 Ga. App. 32, 33 (4) (495 SE2d 146) (1997) (condition of probation accepted in open court could not be challenged on appeal).

[3] See *Phillips*, supra; *Darby*, supra.

2. Under OCGA § 17-10-1 (a) (1), the sentencing judge "shall prescribe a determinate sentence for a specific number of months or years which shall be within the minimum and maximum sentences prescribed by law as the punishment for the crime." We have held that, under this Code section, "[t]he conditions of probation cannot exceed the length of the sentence."[4] The challenged condition in this case, which bars Kaiser from *ever* practicing medicine, violates that precept. Kaiser's sentence is therefore void and must be vacated.[5]

The state relies on *Ballenger v. State*[6] and *Johnson v. State*,[7] but those cases are distinguishable. In *Ballenger*, the court imposed a sentence that included a probated portion, conditioned on the defendant wearing a special bracelet "until further order of the court."[8] We upheld the sentence, even though it did not specify a time limit for the condition, because the trial court's ability to enforce the probation condition would lapse at the expiration of the defendant's five-year sentence, unless the court issued an order permitting removal of the bracelet before then.[9] Similarly, in *Johnson*, we upheld a sentence of probation that included a condition that the defendant spend weekends at the jail until space at a diversion center became available. Because the defendant could expect to serve every weekend in jail for the term of his sentence, unless there was an opening at the diversion center before then, the condition was not indefinite.[10] In this case, however, the court did not merely fail to designate a time limit for the condition; it affirmatively declared that the condition would persist forever. That plain declaration does not permit us to read a limit into the condition that would save it from violating OCGA § 17-10-1 (a) (1).

*Sentence vacated and case remanded for resentencing. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 30, 2005.

Alan B. Kaiser, *pro se.*
W. Kendall Wynne, Jr., *District Attorney*, for appellee.

---

[4] *Ballenger v. State*, 210 Ga. App. 627, 629 (3) (436 SE2d 793) (1993).
[5] See *State v. Hart*, 263 Ga. App. 8, 10 (587 SE2d 164) (2003).
[6] Supra.
[7] 226 Ga. App. 503 (487 SE2d 90) (1997).
[8] Supra.
[9] Id.
[10] 226 Ga. App. at 504.