### A10A1448. CRAIG v. THE STATE.
(701 SE2d 479)

JOHNSON, Judge.

A jury found Kesha Craig guilty of armed robbery and aggravated assault. Craig appeals from the conviction entered on the verdict and the trial court's denial of her motion for new trial, claiming that insufficient evidence supported her conviction for armed robbery. We find no error and affirm.

When reviewing a challenge to the sufficiency of the evidence used to support a conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys

---

[10] *Rockdale County v. Burdette*, 278 Ga. 755, 756 (604 SE2d 820) (2004).

the presumption of innocence.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the evidence shows that Craig conspired with Patrice Gallop and Ryan Stewart to rob the pizza restaurant where she and Gallop worked. On the morning of May 9, 2008, Craig, Gallop, Tampa Kirkland, and Angela Gaines were preparing the restaurant for opening. At approximately 9:30 a.m., Craig and Gallop opened the back door of the restaurant. Craig returned to the front of the restaurant and continued to count the store's receipts from the previous day while Kirkland, who was an assistant manager, watched her. Meanwhile, Gallop remained at the back door until Stewart entered with what appeared to be a gun wrapped in a towel.

After Stewart walked toward the front of the restaurant, he pointed what appeared to be a gun at Kirkland, grabbed her by the arm, and said "give me the money." Kirkland saw Stewart take money from the store's counter, where Craig had been counting it. Stewart then grabbed Gaines, who was also in the front part of the restaurant, and forced both her and Kirkland into a bathroom. A short time later, after Stewart had left the restaurant with approximately $3,000, Craig let Gaines and Kirkland out of the bathroom. Craig and Gallop later met with Stewart to divide the proceeds of the robbery.

Craig claims that the state failed to present sufficient evidence that she had committed the crime of armed robbery because it did not show that the property taken was in the lawful possession of Gaines or Kirkland. OCGA § 16-8-41 (a) provides that "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon."

Here, the restaurant's money "was taken from the immediate presence of both [Gaines and Kirkland], who were both responsible for and had 'possession' of the [restaurant]'s receipts, regardless of which employee may actually have been counting the money when the robbery occurred."[3] In addition, both Gaines and Kirkland "were subject to [Stewart's] exercise of actual force by the use of [what appeared to be] an offensive weapon so as to induce the relinquishment of the property of another, i.e., the property of the [restau-

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Green v. State*, 265 Ga. App. 126, 128 (2) (592 SE2d 901) (2004).

rant]."[4] Given that a rational trier of fact could have found that Craig was a party to the crime of armed robbery,[5] sufficient evidence supported Craig's conviction, and the trial court did not err in denying her motion for a new trial.

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED JULY 30, 2010 —
RECONSIDERATION DENIED SEPTEMBER 16, 2010.

*Rodney A. Williams*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.

