# Court of Appeals
# of the State of Georgia

ATLANTA,  July 27, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0733.  CESILO SANCHEZ-OLIVIO v. THE STATE.**

Appellant Cesilo Sanchez-Olivio was indicted on the charge that in August 2018, he engaged in cocaine trafficking.  Represented by counsel, Appellant entered a guilty plea to that crime.  On December 5, 2019, the trial court imposed upon Sanchez-Olivio a 20-year term of imprisonment (as well as a fine).  Several months later, on March 9, 2020, then again on May 20, 2021, Appellant filed pro se motions for an out-of-time appeal asserting that plea counsel was ineffective by failing to file a timely notice of appeal.  After conducting a hearing on June 24, 2021, the trial court entered an order on July 29, 2021 denying Appellant an out-of-time appeal.  On August 2, 2021, Appellant filed a notice of appeal from that order.

However, in *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022), the Supreme Court of Georgia eliminated the judicially created out-of-time-appeal procedure in trial courts, holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts." Id. at 506 (5). *Cook* also concluded that this holding is to be applied to "all cases that are currently on direct review or otherwise not yet final[,]" id., and directed that "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or if the case is otherwise not final." Id. at 505 (4).

1

Accordingly, the trial court's July 29, 2021 order denying Appellant's motions for an out-of-time appeal is vacated, and this case is remanded for the entry of an order dismissing Appellant's motions. See *Cook*, supra; see also *Rutledge v. State*, 313 Ga. 460 (870 SE2d 720) (2022) (rejecting, pursuant to *Cook*, supra, the appellant's contention that the trial court erred in denying his motion for an out-of-time appeal because plea counsel rendered ineffective assistance by failing to advise him of his right to appeal from his guilty plea or to withdraw his guilty plea); see also *Rouzan v. State*, 313 Ga. 606 (872 SE2d 888) (2022). Appellant is advised that any subsequent attempt to appeal the trial court's July 29, 2021 order entered against him will likely be dismissed as untimely. See OCGA § 5-6-38 (a). Furthermore, the trial court's entry of an order on remand dismissing Appellant's motions for an out-of-time appeal will be unlikely to present any cognizable basis for an appeal. See *Henderson v. State*, 303 Ga. 241, 244 (811 SE2d 388) (2018); *Brooks v. State*, 301 Ga. 748, 752 (804 SE2d 1) (2017). If Appellant believes that he was unconstitutionally deprived of his right to appeal, he may be able to pursue relief for that claim through a petition for a writ of habeas corpus, along with any other claims alleging deprivation of his constitutional rights in the underlying proceedings. See OCGA § 9-14-41 et seq. Appellant should be aware of the possible application of the restrictions that apply to such habeas corpus filings, such as the time deadlines provided by OCGA § 9-14-42 (c) and the limitation on successive petitions provided by OCGA § 9-14-51.[1]

---

[1] Given the foregoing, Appellant's challenge to his sentence is not properly before this Court; no viable notice of appeal was filed so as to have perfected jurisdiction over that issue. More specifically, Appellant maintains in his appellate brief that his sentence should be modified. But as the record shows (and as the trial court expressly stated in its order denying Appellant's motions for an out-of-time appeal), Appellant's challenge to his sentence had already been rejected by order entered December 14, 2020. OCGA § 5-6-38 (a) provides that "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of." The requirements of OCGA § 5-6-38 are jurisdictional, and this

Court lacks jurisdiction to consider an appeal lacking a timely notice of appeal. See *Legare v. State*, 269 Ga. 468, 469 (499 SE2d 640) (1998); *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).

To whatever extent Appellant's second motion for an out-of-time appeal, together with the hearing conducted on June 24, 2021, could be viewed as requesting the trial court to reconsider its December 14, 2020 order, it is well established that a motion for reconsideration does not extend the time for filing a notice of appeal and that the denial of a motion for reconsideration is not itself a directly appealable judgment. See *State v. White*, 282 Ga. 859, 860 (1) (655 SE2d 575) (2008); *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000).

And even if not jurisdictionally waived, the Appellant's enumerated claim of error – that the "trial courts 20 years to serve sentence while imposing first offenders; without any period of probation; renders or eviscerates the first offenders application; resulting in punishment the law does not allow, voiding the sentence" – lacks merit.

> A sentence is void if the court imposes punishment that the law does not allow. When the sentence imposed falls within the statutory range of punishment, however, the sentence is not void. . . . [Sanchez-Olivio's 20-year] sentence of imprisonment did not exceed the statutory range permitted by law. OCGA § 16-13-31 (h) [2018] provides as follows: "Any person who violates any provision of this Code section [including cocaine trafficking] shall be punished . . . for not more than 30 years of imprisonment and by a fine not to exceed $1 million. Because [Sanchez-Olivio's 20-year] sentence was within this statutory limit, he has presented no basis upon which to vacate the sentence of imprisonment.

(Citations and punctuation omitted.) *Brown v. State*, 353 Ga. App. 559, 560 (839 SE2d 21) (2020). Furthermore,

> [Sanchez-Olivio] apparently believes that, as a first offender, he is *entitled* to serve part of his sentence on probation. . . . [But under] OCGA § 42-8-60 (a), a trial court may place a first offender defendant on probation or "sentence the defendant to a term of confinement" [as provided by law]. Nothing in the statute mandates a probationary period for first offenders. On the contrary, a trial court exercises its discretion

3



*Court of Appeals of the State of Georgia*
         *Clerk's Office, Atlanta,* __07/27/2022__

         *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

         *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

in determining whether to grant probation to a first offender. (Emphasis in original; punctuation added and omitted.) *Wilson v. State*, 259 Ga. App. 627, 628 (2) (578 SE2d 260) (2003).